BATTELL & COLLINS v. LOWERY ET AL.

1. **Judgment**: CANNOT BE ALTERNATIVE: GARNISHMENT. In an action in the Circuit Court the court found the garnishee to be liable for one of two amounts to be determined by a future contingency: *Held* that such finding did not constitute a judgment, and that upon the transfer of the case to the District Court the garnishee had the right to make a further answer. DAY, CH. J. and BECK, J., *dissenting.*

*Appeal from Appanoose District Court.*

FRIDAY, APRIL 20.

THE plaintiffs recovered a judgment against the defendant Lowery. In the action the defendant Porter was garnished, and judgment was rendered against him, from which he appeals to this court. The facts are stated in the opinion.

*G. D. Porter*, appellant, for himself.

*J. C. Coad*, for appellees.

ADAMS, J.—The garnishee filed an answer to which the plaintiffs demurred. The District Court sustained the demurrer. The garnishee stood by his answer and judgment was rendered against him.

A brief reference to the proceedings in the case is necessary to make intelligible the question at issue. The action was

1. JUDGMENT: cannot be alternative: garnishment.

brought in the Circuit Court. Some proceedings were had there, and the case was then transferred by agreement of parties to the District Court,

where the judgment was rendered from which the garnishee appeals. The only question of difficulty is as to the effect of the action of the Circuit Court. It is claimed by the plaintiffs that the judgment against the garnishee was in fact rendered in that court, and that nothing remained for the garnishee to do in the District Court but to show cause, if he could, why execution should not issue. On the other hand the garnishee claims that no judgment was rendered in the Circuit Court; that although he answered in the Circuit Court he had a right to answer still further in the District Court, and that his answer in that court, taken as true upon demurrer, shows that he was not indebted. This leads us to consider what was done in the Circuit Court. The record shows that the Circuit Court made what it calls a finding. Whether it could properly be called such remains to be determined. The doubt arises upon the fact that it was an alternative finding. The finding was that the garnishee owed the principal debtor either $367.00 or $460.20, and that it could not be determined at that time which. There was certain litigation pending, and it was supposed that the amount of the garnishee's indebtedness depended upon the result of that litigation. The language used by the court is as follows:

"It is decreed by the court that (if?) the litigation in the aforesaid suit shall result favorable to the garnishee or those holding under him, then that the plaintiff have and recover of and from the said garnishee, Geo. D. Porter, the sum of four hundred and sixty and 20-100 dollars, with interest from November 29, 1872, at 6 per cent, and that upon such termination of such suit that this judgment becomes absolute with a right to have an execution awarded thereon upon notice to the garnishee to show cause if any be had against the issuing thereof. And it is further decreed by the court that in the event such litigation shall result against the garnishee, Porter, then that the plaintiff have and recover of and from said garnishee the sum of $367.00 with 10 per cent interest from the 1st day of January, 1873, proceeds of the Singley mortgage, and that upon *scire facias* that the said plaintiff shall have the right to an execution therein against said garnishee therefor;

provided, further, that the garnishee may discharge himself from. further liability by bringing into court such mortgage security. It is further considered that the garnishee be held to further answer touching the aforesaid matters upon ten days' notice thereof in this court."

It may not be improper to observe (although not strictly necessary for the purposes of this decision), that it appears, taking the findings of the Circuit Court altogether, that in no event could the garnishee be regarded as indebted. The supposed indebtedness arose in this way. The debtor, Lowery, owned certain real estate which he had bought from one Singley. On it was a mortgage for $367.00 from Singley to one Ransom; Singley conveyed the property to Lowery by deed of warranty. The garnishee bought the premises of Lowery, and was to give him $500.00 and have immediate possession; the possession was never delivered. The garnishee paid Singley's debt to Ransom, and took a new mortgage from Singley. Certain creditors of Lowery brought suit against the garnishee, to set aside the sale made to him of the premises. These facts appear substantially from the findings of the Circuit Court, and from them it will be seen that in no event could the garnishee be considered as indebted to Lowery, or as having property in his possession belonging to Lowery. He did not owe the sum of $500.00, because he did not obtain possession, and because the sale to him of the premises was invalid. He did not owe the sum of $367.00, the amount of the Singley mortgage, because he had himself paid Singley's debt to Ransom, and was entitled to the new mortgage from Singley. The only possible doubt arises upon the question as to whether the garnishee paid Ransom as we have stated. On this point the court said as follows: "The court finds that, pursuant to said agreement, the said Porter secured the Singly claim by taking a new obligation therefor from said Singley, and that the mortgage of Singley upon said premises was satisfied." Now it is not stated that Porter paid Ransom, and it must be conceded that if Lowery paid Ransom the new Singley mortgage, or the proceeds thereof, would belong to Lowery, and insomuch as Porter held the mortgage he should

in such case be charged as garnishee. But we think that the reasonable inference is that Lowery did not pay Ransom. If he did we see no reason why it should be agreed between him and Porter that Porter should take the new Singley mortgage as the finding of the court substantially shows.

But Porter rests his claim to be discharged upon his answer. The Circuit Court ordered, "that the garnishee be held to further answer touching the aforesaid matters upon ten days notice thereof." The case having been transferred to the District Court, he appeared and made further answer, and set up expressly that he paid Ransom. To the answer the plaintiffs demurred on the ground that the Circuit Court had already rendered judgment. This view seems to have been taken by the District court. It sustained the demurrer and rendered judgment. Thus it rendered a second judgment for the same debt, provided judgment had been rendered in the Circuit Court.

We proceed then to inquire in regard to the effect of the action of the Circuit Court. A judgment has been said to be "the conclusion of the law upon the facts found or admitted by the parties." *Truett v. Legg*, 32 Md., 147. In the case at bar there was an alternative finding of facts. We are of the opinion that such a finding has no validity. The finding that one of two things must be true is not a finding that either is true. No one fact is found absolutely. Yet we think that that is necessary for the rendition of a judgment. If the finding is alternative, conditional or contingent, the judgment necessarily partakes of the same character. Such a judgment would be an anomaly, and serve no useful purpose. It would not be available until it had become absolute. Further action of the court would be necessary. When that action was had there would be two judgments as in this case; first the alternative, conditional or contingent judgment, and afterwards the absolute judgment. For both the clerk should be allowed to tax costs. It is sufficient to say that we think that there is no law for it. There is a sense, it is true, in which there may be a conditional judgment against a garnishee. Where the plaintiff has not obtained judgment against the principal debtor at the time the judgment is ren-

Battell & Collins v. Lowery.

dered against the garnishee it is necessarily conditional. But in such case the adjudication with respect to the indebtedness of the garnishee is absolute. No further adjudication against him is necessary or possible.

In the present case the action of the court does not purport to be the rendering of a present judgment. The language is: "It is decreed that in the event such litigation shall result, etc., the plaintiffs have and recover," etc. The event was in the future. As the recovery was dependent on it, that was in the future. If there was a present judgment, it was at most a judgment that there should be a judgment. But we can-not sanction such an anomalous proceeding.

It may be thought that the action of the Circuit Court should be regarded as a present judgment for the smaller amount; but it was not so designed. That would have been a bar to a larger judgment.

It is claimed that the action of the Circuit Court amounted to at least an order, and that by section 3164 of the Code, subdivision 4, it is provided that an appeal may be taken from "an intermediate order involving the merits and materially affecting the final decision." But, if the order was one which the law does not contemplate, it was to be presumed that the court would disregard it in its subsequent proceedings, and that it would not materially affect the final decision.

The Circuit Court provided that the garnishee should be held to further answer touching the aforesaid matters. The plaintiffs claim that he should be restricted in his answer to one of the aforesaid matters, to-wit: the result of the litiga-tion respecting the garnishee's title. It is not easy to deter-mine whether the Circuit Court designed that he should be so restricted or not. We are inclined to think it did not, but we prefer to rest our decision upon the matters before stated. We think the garnishee had a right to answer in the District Court, independent of said provision; that the an-swer which was filed showed a good defense, and that the demurrer should have been overruled.　　　REVERSED.

BECK, J., *dissenting.*—I am unable to concur in the forego-

ing opinion of the majority of this court, and am authorized to say that the Chief Justice likewise dissents thereto. We reach the same conclusion as to the law of the case, which I will briefly state.

The judgment or decree of the Circuit Court against the garnishee, in my opinion, is a final adjudication of the questions raised by the issues upon the garnishee's answer. It found the garnishee absolutely liable, and so adjudged. The *amount* of his liability which was to be enforced by the judgment is made to depend upon a future event. But the judgment itself is not contingent. Now, surely, the character of an adjudication whereby a liability is determined does not lose the character of a *judgment*, as the word is understood when applied to the proceedings of courts, by the fact that its amount may be increased or diminished by a future event. Indeed, we conceive that in garnishee proceedings which are intended to subject choses in action to the debts of the holders thereof, it may often become necessary to render judgments when the amounts thereof are contingent or uncertain. In such cases the judgment must determine that the chose in action is subject to be taken in the garnishment proceedings; its true amount, when contingent, must be determined by future events and proceedings provided for in the judgment. The case under consideration required just such a judgment.

The judgment of the Circuit Court purports to be an adjudication; it is sufficient in form. We think the majority of the court err in denominating it a *finding*. It not only contains findings of facts and law, but also embodies an adjudication—a judgment, which is to be enforced by the process of the court.