**SOUTHERN TRADING CO. OF TEXAS v. FELDMAN et al. (No. 516–3954.)\***

(Commission of Appeals of Texas, Section A. March 19, 1924.)

**1. Judgment ⬅194—To be final must dispose of all issues between all parties.**

A judgment which does not dispose of all the issues between all the parties and the entire subject-matter of the litigation is not final.

**2. Appeal and error ⬅80(1)—Judgment making no finding on cross-action in action on notes held not final and appealable.**

In an action on notes against a maker and indorser thereof, wherein the maker filed a cross-action against the indorser who defaulted, a judgment for plaintiff which recited that, because no citation to answer in its codefendant's cross-action had been served upon the indorser, the court was of the opinion that it should make no findings with reference to such cross-action, and which did not otherwise dispose of it, *held* not final and appealable.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by M. Feldman against William Jones and the Southern Trading Company of Texas. From judgment of the Court of Civil Appeals (247 S. W. 702), affirming a judgment for plaintiff, the last-named de-

fendant brings error. Judgment of Court of Civil Appeals reversed, and appeal dismissed.

Carey M. Abney, of Marshall, for plaintiff in error.

H. T. Lyttleton and Matt Cramer, both of Marshall, for defendant in error.

GERMAN, P. J. M. Feldman filed this suit in the district court of Harrison county, Tex., against William Jones as the maker, and Southern Trading Company of Texas as indorser, of three notes, each for the sum of $609, and asked for foreclosure of a mortgage lien on certain gin machinery. The Southern Trading Company filed no answer, but made default. Jones answered, setting up various defenses, and in addition filed a cross-complaint or plea in reconvention against Feldman and the Southern Trading Company of Texas, in which he sought to cancel the notes sued on as well as three others held by the Southern Trading Company of Texas, and in the alternative pleaded that, if the notes were not canceled, he recover damages against the Southern Trading Company of Texas in the sum of $4,582. Feldman answered the cross-action of Jones. A trial was had before a jury, and several special issues were submitted, relating entirely to issues growing out of the cross-action of Jones. Judgment was entered April 17, 1922, denying a recovery by Feldman against Jones, and as to Jones canceling the three notes held by Feldman. Feldman was given a judgment against the Southern Trading Company of Texas for the full amount of the three notes sued on by him, with interest and attorney's fees. On his plea in reconvention Jones was given judgment against the Southern Trading Company for the sum of $458 damages, in addition to cancellation of all the notes given by Jones to that company. On May 13, 1922, during the same term of court, the Southern Trading Company of Texas filed a motion to set aside the default judgment against it and for a new trial, among other things alleging that no legal citation as to the cross-action of Jones had been served upon it. On June 2, 1922, the court heard and considered this motion for new trial, all parties appearing, and at this hearing another judgment was entered modifying the previous judgment of April 17, 1922. By this decree Feldman was given judgment against the Southern Trading Company of Texas for his debt, the same as in the previous judgment, and was denied a recovery against Jones; the three notes sued on being canceled as to Jones. As to the cross-action of Jones against Southern Trading Company of Texas, the court made this decree:

"The court is of opinion that it should make no finding with reference to the cross-action of the defendant Jones against the codefendant Southern Trading Company of Texas, as there-

was no citation served upon said Southern Trading Company by Wm. Jones, and no appearance of the said company until the filing of the motion to set aside the default judgment against it, and the said cross-action is not a necessary concomitant of the suit of the plaintiff M. Feldman upon the said notes."

On the 3d of June the court entered an order overruling the motion of Southern Trading Company of Texas filed on the 13th of May.

[1] Whether the action of the court taken June 2d is to be regarded as the substitution of a new judgment for the one rendered on April 17, 1922, and having no reference to the motion made by Southern Trading Company of Texas, or is to be regarded as the granting of a motion for new trial in part and a denial of the motion in part, the result is the same, and the judgment is not a final one. A judgment which does not dispose of all the parties, and all the issues between them, and the entire subject-matter of the litigation, is not a final judgment. Linn v. Arambould, 55 Tex. 611; McCarty v. Gray et al. (Tex. Civ. App.) 158 S. W. 1154; Williams v. Bell, 53 Tex. Civ. App. 474, 116 S. W. 840; Riddle v. Bearden, 36 Tex. Civ. App. 97, 80 S. W. 1062. In Linn v. Arambould, it is said:

"Under these tests as to the finality of judgments and decrees, it will be seen that the cases decided on the question as to whether the judgment is final, or whether it is interlocutory, will naturally arrange themselves into classes in which the interlocutory character of the decree will result from a partial or incomplete disposition made as to all who are parties to the suit; or it may be from the incomplete determination of all the matters which are in controversy under the pleadings in the case; or it may result from the indecisiveness of the judgment rendered in respect to the merits of the suit, because of its relating to a matter merely collateral to the merits of the subject of controversy. In all, and in any of these supposed instances, there would remain further action by the court to be taken, and to be shown by the record, in order to settle and determine the whole of the case which was instituted for a full and an entire adjudication."

[2] The court in this instance has wholly failed to dispose of the cross-action of William Jones as to the Southern Trading Company of Texas, although it appears that this cross-action was tried as to Feldman. There are several ways in which the court might have disposed of this, but the record shows no affirmative action, either by way of dismissal or serverance, and the court expressly states that it "is of opinion that it should make no finding with reference to the cross-action of the defendant Jones against the codefendant Southern Trading Company of Texas." As further said in Linn v. Arambould:

"The essential matters which are thus required to show a final judgment—such judgment as will be so regarded for the purpose of enabling the Supreme Court to take jurisdiction on appeal—the judgment must in substance show intrinsically, and not inferentially, that the matters in the record had been determined in favor of one of the litigants, or the rights of the parties in litigation had been adjudicated."

We conclude that the judgment is not a final one, and the Court of Civil Appeals and the Supreme Court have not acquired jurisdiction. It is our recommendation, therefore, that the judgment of the Court of Civil Appeals be reversed, and the appeal be dismissed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and appeal dismissed.