## GATHINGS v. ROBERTSON et al.
### (No. 696-4254.)

(Commission of Appeals of Texas, Section A.
Oct. 21, 1925.)

**1. Appeal and error ⊗79(1)—Contribution ⊗1—Execution ⊗7—Judgment not final, where all parties not disposed of.**

Where all parties in a former suit were not disposed of, and suit was still·pending so that court could make any disposition of case awarded by pleading and evidence, there can be no final judgment in such suit which would support an appeal, execution, or action for contribution, even though one of defendants paid alleged judgment.

**2. Judgment ⊗518—Claim, that judgment sued on was not final, not collateral attack on jurisdiction.**

In action for contribution by parties who were defendants in another suit, plaintiff is charged with knowledge that judgment attempted to be enforced is not binding on·defendant, and contention of defendant that judgment sued on was not final is not a collateral attack on judgment of a court of competent jurisdiction so that pleadings and record in former suit could be considered in determining defendant's liability, since mere fact that judgment appears final does not make it conclusively so.

**3. Appeal and error ⊗1178(8)—Where remedy of contribution might be available by amendment to petition, cause remanded to district court.**

Where plaintiff could not recover contribution because judgment sued on was not final; but by amendment may be entitled to remedy, the cause will be remanded to district court.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by John E. Robertson and others against D. A. Gathings. A judgment for plaintiff was affirmed by the Court of Civil Appeals (264 S. W. 173), and defendants bring error. Reversed and remanded.

Clay Cooke, of Fort Worth, for plaintiffs in error.

Penix, Miller & Perkins, of Mineral Wells, for defendant in error.

BISHOP, J. The defendants in error, John E. Robertson, Anson Hazlewood, and the executors of the estate of G. W. Hazlewood, deceased, filed this suit against plaintiff in error D. A. Gathings in the district court of Palo Pinto county on June 25, 1920, alleging in their petition that the City National Bank of Wichita Falls, Texas, on January 26, 1920, recovered a judgment against them and plaintiff in error jointly and severally for the sum of $5,656 and costs, in the district court of Wichita county; that thereafter on or about March 1, 1920, defendants in error paid off and discharged this judgment by paying the sum of $6,142.90, which was the amount of

judgment, interests, and costs; that plaintiff in error Gathings has failed and refused to contribute his part and has paid nothing thereon; and that he was indebted to them in the sum of $1,535.75, with interest from March 1, 1920, same being the proportionate part of the amount of said judgment for which he was liable and for which ·judgment was sought.

Plaintiff in error answered by general denial and especially denied that the City National Bank of Wichita Falls ever recovered a valid and final judgment against defendants in error and· plaintiff in error as alleged in their petition in this suit.

In the trial court judgment was rendered for defendants in error as prayed for, and this judgment was by the Court of Civil Appeals affirmed. 264 S. W. 173.

On trial of the case defendants in error introduced in evidence a certified copy of the judgment upon which this action is based, which appears copied in full in the opinion of the Court of Civil Appeals. It purports to award the City National Bank of Wichita Falls a recovery against the defendants in error and plaintiff in error jointly and severally as is alleged in the petition of defendants in error in this case, and contains no recital which would indicate that it is not a final judgment in that cause.

The plaintiff in error, however, introduced in evidence a certified copy of all proceedings in the case in which this judgment was rendered, including the pleadings and all orders of the court. It appears from the petition filed in that suit that the City National Bank of Wichita Falls sued, not only these defendants in error and plaintiff in error, but also M. Coppard, receiver of the Atlas Windmill Company, alleging that on or about the 15th day of April, 1918, G. W. Hazlewood and defendants in error John E. Robertson and Anson Hazlewood and plaintiff in error Gathings executed and delivered to it "their certain promissory note as a renewal of former notes for the sum of $5,000"; that the original note of which this note was a renewal was executed by the Atlas Windmill Company as principal and John E. Robertson, Anson Hazlewood, G. W. Hazlewood, and plaintiff in error D. A. Gathings as sureties; that the Atlas Windmill Company had by the Forty-fifth district court of Bexar county been placed in the hands of a receiver "and that defendant M. Coopard is the duly appointed, qualified, and acting receiver of the Atlas Windmill Company"; that by reason of their failure to pay the indebtedness evidenced by these notes, "the said defendants, the said M. Coppard, receiver of the Atlas Windmill· Company, as principal, and the other defendants, as sureties, are obligated to pay the plaintiff the aforesaid principal sum of $5,000 with interest and attorneys' fees," for which judgment was sought.

It also appears that all defendants filed their answers in that suit and that no order or judgment was made or entered disposing of the defendant M. Coppard, receiver of the Atlas Windmill Company.

[1] The alleged judgment upon which the suit now under consideration is based is not a valid final judgment. It is no more than an interlocutory order. No appeal could be prosecuted from it, and no valid execution could be issued on it from the court in which the order was made and entered.

Our statutes provide that there shall be but one final judgment in a case, and a judgment which does not dispose of all the parties to the suit is not a final disposition of the case. From the record here presented it appears that the suit filed in the district court in Wichita county is still pending. That court can yet make any disposition of the case which the pleading and evidence may warrant. Wooters v. Kauffman, 67 Tex. 488, 3 S. W. 465.

This judgment, not being final, is not a valid subsisting obligation against any of the defendants in that suit. The City National Bank of Wichita Falls could not have enforced collection under it, and the defendants in error, having voluntarily paid the amount there declared to be adjudged against them and plaintiff in error, could not avail themselves of the judgment as a cause of action against plaintiff in error to enforce contribution. Ledyard v. Brown, 39 Tex. 402. In 2 Black on Judgments (2d Ed.) par. 959, it is said:

"In order that a judgment should be available as a cause of action, it is plainly necessary that it should be complete and definitive in its nature and a valid and subsisting legal obligation. Hence no action can be maintained upon a merely interlocutory judgment or order."

[2] Defendants in error are parties to the suit pending in Wichita county, and are in law charged with knowledge that the judgment which they were attempting to enforce against plaintiff in error is not binding on him, and that it is not competent evidence of his liability. The court of Civil Appeals erred in holding that the contention of plaintiff in error that the judgment on which he was sought to be held liable was not a final judgment was a collateral attack on a judgment of a court of competent jurisdiction, and that the pleadings and record could not be considered in determining whether the judgment was binding on him. The mere fact that it is couched in the language of a final judgment is no reason why it should be conclusively presumed to be one.

[3] We recommend that both the judgments of the district court and Court of Civil Appeals be reversed, and as defendants in error by an amendment of their petition seeking contribution may be entitled to a remedy not now available to them in the suit pending in the district court of Wichita county, we recommend that this cause be remanded to the district court.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.