**BRISTOL et al. v. CHAS. F. NOBLE OIL & GAS CO.    (No. 801–4461.)**

(Commission of Appeals of Texas, Section A. May 12, 1926.)

Names ⬳10—Plaintiffs, doing business under assumed name without complying with statute, are not precluded from recovering on contracts made in conduct of such business (Acts 1921, c. 73 [Vernon's Ann. Civ. St. Supp. 1922, arts. 5950½–5950½d, and Vernon's Ann. Pen. Code Supp. 1922, art. 1007c]).

Plaintiffs, doing business under an assumed name without filing certificate required by Acts 1921, c. 73 (Vernon's Ann. Civ. St. Supp. 1922, arts. 5950½–5950½d, and Vernon's Ann. Pen. Code Supp. 1922, art. 1007c), are not thereby precluded from recovering on their contracts made in conduct of such business.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by W. E. Bristol and another against the Chas. F. Noble Oil & Gas Company. Judgment for defendant was affirmed by the Court of Civil Appeals (273 S. W. 946), and plaintiffs bring error. Reversed and remanded to trial court.

Weeks, Morrow, Francis & Hankerson, of Wichita Falls, for plaintiffs in error.
Bonner, Bonner & Sanford, of Wichita, for defendant in error.

BISHOP, J. Plaintiffs in error, W. E. Bristol and Roscoe Davis, filed this suit in the county court at law in Wichita county against defendant in error, Chas F. Noble Oil & Gas Company, to recover money alleged to be due upon a contract of sale. They alleged in their petition that they owned and operated an oil and gas lease in Wichita county, that defendant in error was obligated under contract to pay them for the gas purchased by it a stipulated price per 1,000 cubic feet of gas based on the gasoline content of such gas, and that it had paid them for only a portion of the gas purchased and received by it, and was indebted to them for the portion received under contract of sale for which it had not paid, and for recovery of the amount due for such portion they sought judgment.

Defendant in error, by special plea in bar filed by it, alleged that the only contract had by it and plaintiffs in error was a division order made in the name of "Eighty-Four Syndicate," that in all transactions in connection

with the lease owned by plaintiffs in error they were acting under this assumed name, and that they had not filed in the office of the county clerk the certificate required by the Acts of the 37th Legislature, c. 73 (Vernon's Ann. Civ. St. Supp. 1922, arts. 5950½–5950½d, and Vernon's Ann. Pen. Code Supp. 1922, art. 1007c), and for this reason were not entitled to recover. The trial court rendered judgment for defendant in error, holding that plaintiffs in error could not maintain their action, because they were doing business in violation of this act, and the Court of Civil Appeals affirmed its judgment, approving this holding. 273 S. W. 946.

In the case of Paragon Oil Syndicate v. Rhoades Drilling Co., 277 S. W. 1036, we held that persons transacting business under an assumed name, without having filed certificate required by this act, are not precluded from recovering on their contracts made in the conduct of such business. This holding is controlling here, and for this reason we recommend that both judgments be reversed, and the cause remanded to the trial court.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.