### PATTON v. MITCHELL. (No. 3126.)

Court of Civil Appeals of Texas. Amarillo. Dec. 5, 1928.

On Rehearing, Jan. 9, 1929.

E. C. Gray, of Higgins, for appellant.
W. H. Sewell, of Follett, for appellee.

HALL, C. J. The appellee, Mitchell, sued appellant, Patton, January 23, 1928, to recover $212.13 and interest thereon from October 9, 1926. The plaintiff alleged that on May 17, 1921, in causes Nos. 98 and 99, a judgment was rendered in the county court of Lipscomb county, which. provided, among other things, that in the event Mitchell should recover a judgment against C. G. White, defendant in a cause then pending in the district court of Ellis county, Okl., the C. B. Cozart Grain Company of Higgins should pay to appellee $212.13; that the Oklahoma suit was finally decided in favor of Mitchell, awarding him a judgment against White in the sum of $357.62 and costs; that no part of the. Oklahoma judgment had been paid; that the sum of $212.13 was the proceeds of certain grain involved in the Oklahoma suit; that on October 19, 1921, E, L. Harlan and the defendant, C. R. Patton, as plaintiffs in an action against C. G. White, pending in the county court of Lipscomb county, had issued a garnishment against the C. B. Cozart Grain Company, and thereafter, by delivering to said grain company an indemnity bond, induced it to pay said $212.13 to them; that Harlan and Patton were partners and sued

White as partners, and had appropriated the money wrongfully obtained from the grain company to their own use; and that Harlan is a nonresident of Texas. It appears from the record that Mitchell had sued White in Oklahoma to foreclose a chattel mortgage lien upon the wheat or the proceeds thereof in question in this suit. It further appears that neither the wheat nor the proceeds were ever in Oklahoma or under the jurisdiction of the Oklahoma court. The court peremptorily directed a verdict in this case in favor ·of Mitchell. ,We think this was error.

The judgment of Harlan & Patton, a partnership, against C. G. White and appellee Mitchell, as defendants, and the C. B. Cozart Grain Company, as garnishee, recites that the plaintiffs recover $182, with interest, against White, but that they take nothing as against Mitchell. It is further recited that it appears to the court that on account of· the fact that the district court of Ellis county, Okl., has first acquired jurisdiction of the issue relative to the right of possession of the grain or proceeds thereof, said Lipscomb county court should not proceed further in adjudicating the rights of the parties in so far as the grain or proceeds are involved. The court then decrees that the wheat or the proceeds "heretofore garnished in the hands of the C. B. Cozart Grain Company, be held by said garnishee pending the final determination of the cause now pending in said District Court of Ellis County, Oklahoma, said cause being docketed, in said court as No. 2036, and that upon a determination of the said Ellis County case, if such determination be favorable to the defendant Mitchell, who is plaintiff in said Ellis County case, then and in such event that the money · in the hands of garnishee, or such part thereof as may be necessary to satisfy the sum which may be owing said Mitchell, upon the notes involved in said litigation, be paid to said Mitchell, but in the event there is an excess of money in the hands of said garnishee over and above what may be necessary to pay off and satisfy any sum that may be owing said Mitchell upon said notes, that such excess shall be paid to the plaintiffs herein, Harlan & Patton, and it is further ordered, adjudged and decreed that in the event the said Ellis County case terminates favorably to the defendant White and it is found that he was entitled to the grain brought by defendant Mitchell in to Lipscomb County, Texas, and sold to garnishee herein, then and in such event, that the proceeds of the sale of said grain shall be paid to the said plaintiff and it is further ordered that said garnishee may pay over said moneys to defendant Mitchell or to plaintiff herein, as the case may be, as may be indicated· by certified copy of the judgment which may be rendered in said Ellis County, Oklahoma, District Court case."

It appears from the record that Mitchell recovered against White in the Oklahoma litigation, the judgment being dated the 9th day of October, 1926. Harlan & Patton were not parties to the Oklahoma judgment. That about October 8, 1921, Harlan & Patton delivered to the grain company an indemnity bond and were paid by the grain company $212.13 out of the proceeds of the wheat in question. This suit is in the nature of an action for money received.

■ Appellant's brief does not contain any assignments of error as required by Court of Civil Appeals Rule 32 and District and County Court Rule 101a, and therefore only fundamental error, if any, can be considered by this court. Clonts v. Johnson, 116 Tex. 489, 294 S. W. 844; Bristol v. Charles F. Noble Oil & Gas Co. (Tex. Com. App.) 283 S. W. 163; Farmers' State Bank v. McReynolds (Tex. Civ. App.) 1 S.W.(2d) 322. It will be seen that the judgment rendered on May 17, 1921, in Lipscomb county, is final as between Harlan & Patton, plaintiffs and Mitchell and White. The rule in Texas is that a judgment may be part valid and invalid as to the remainder. Twichell v. Askew (Tex. Civ. App.) 141 S. W. 1072, Automobile Finance Co. v. Bryan (Tex. Civ. App.) 3 S.W. (2d) 835.

■ In so far as the judgment relates to the disposition of the wheat or the proceeds then in the hands of the Cozart Grain Company, it is only interlocutory in the alternative and conditional. A judgment must dispose of all the issues between all the parties and of the entire subject-matter of the litigation. Southern Trading Co. of Texas v. Feldman (Tex. Com. App.) 259 S. W. 566. If the judgment in a garnishment proceeding is alternative, conditional, or contingent, it is a nullity. Battell v. Lowery, 46 Iowa, 49; 33 C. J. 1103, note 29[b]. "A judgment must be specific and certain or capable of being made so by proper construction and such as defendant may readily understand and be capable of performing." 33 C. J. 1195, § 128. "It is a general rule that judgments must not be conditioned upon any contingency and it has been held that an alternative or conditional judgment is wholly void." 33 C. J. 1196, § 129. "As a general rule, judgment cannot be in the alternative for one thing or another, but must specifically determine the rights of the parties in a definitive manner." 33 C. J. 1197, § 130; Gathings v. Robertson (Tex. Civ. App.) 276 S. W. 218; Miller v. Farmers' State Bank & Trust Co. (Tex. Civ. App.) 241 S. W. 540; Ft. Worth Acid Works v. City of Ft. Worth (Tex. ·Civ. App.) 248 S. W. 822.

■■ Under the `authorities above cited, that part of the Lipscomb county judgment with reference to the payment of the proceeds to one party or the other, contingent·

upon the outcome of the suit in Oklahoma, is void and 'vested·in Mitchell no right to the proceeds, regardless of the determination of the issue in the Oklahoma case. In so far as the Oklahoma judgment attempted to foreclose a chattel mortgage lien upon property situated in Texas, it is a nullity, and the Texas courts were not bound to respect it, 15 R. C. L. 909, 910, more especially because the Texas judgment was rendered first. Mitchell, therefore, acquired no right to sue Patton in virtue of the Oklahoma court decision.

We are further of the opinion that Mitchell cannot recover against Patton because there is no privity between them with reference to the fund in issue. Graham v. Jackson (Tex. Civ. App.) 189 S. W. 551.

"Where there are two claimants for the same money and one of them is recognized as being entitled to it by the person from whom it is due and is paid, the other cannot sue him to recover the money for the reason that having received the money under a claim of right in himself, the law will not imply any contract or promise by him to hold the money for the use of the other claimant or to pay it over to him and therefore, there is not, under the circumstances, any privity of contract on which to found the action." 41 C. J. 41.

Patton did not obtain the money from the grain company for the benefit of Mitchell or under any promise to hold it for him. His purpose in getting it was to apply to the satisfaction of his own debt against White, and he was under no obligation to hold it for Mitchell. Patton was not a party to the Oklahoma suit, and, while Mitchell was a party to the Lipscomb county case, the effect of the judgment is to dismiss the action as to him. He did not set up his claim against White in Lipscomb county and was content with the judgment of dismissal. Although it is possible that the grain company might, upon proper proceedings, recover the amount paid Patton in an action based upon the indemnity bond, it is clear that Mitchell has no right to recover upon the record before us. Judgment is therefore reversed, and the cause remanded.

Reversed and remanded.

### On Motion for Rehearing.

By our original opinion, we reversed the judgment of the trial court and remanded the case for another trial upon the supposition that appellee, being entitled to interplead the grain company, would desire to do so upon another trial. Appellee, however, insists that the judgment should either be affirmed or reversed and rendered.

Upon the record before us we cannot affirm the judgment for the reasons stated in the original opinion, and, acting upon appellee's suggestion, the judgment is reversed and is here rendered that the appellee, Mitchell, take nothing.