**RAMSAY et al. v. ROUSE.**

No. 4406.

Court of Civil Appeals of Texas. Texarkana. Jan. 16, 1934.

Rehearing Denied Jan. 18, 1934.

Hiram G. Brown, of Mt. Pleasant, and F. B. Caudle, of Mt. Vernon, for appellants.

R. T. Wilkinson, Jr., of Mt. Vernon, for appellee.

JOHNSON, Chief Justice.

Appellee, H. C. Rouse, as plaintiff, sued appellants, H. F. Ramsay and P. L. Kennedy, administrators of the estate of W. P. Ramsay, deceased, as defendants, in the district court of Franklin county. There are other defendants not necessary to further mention. Plaintiff's suit sought to establish against the estate of W. P. Ramsay, deceased, a claim for money, which had been presented to and rejected by said administrators of said estate, and which claim is in terms as follows:

"The State of Texas, County of Franklin. "To The Administrator of the Estate of W. P. Ramsay, Deceased:

"H. C. Rouse, who resides in Franklin County, Texas, comes now and presents his claim against the estate of W. P. Ramsay in the sum of $1664.00, and says that such sum is due him by said estate and says:

"On the 1st day of March, A. D. 1930, the said W. P. Ramsay, deceased, made, executed and delivered to claimant his promissory note, in writing, bearing date on such day and year, and thereby promised claimant to pay him or his order, $1100.00 on the 1st day of October, 1930, with interest thereon at the rate of ten per cent per annum, from date, and an additional ten per cent if placed in the hands of an attorney for collection.

"That during the year of 1930, the said W. P. Ramsay, deceased, was in bad health, and employed this claimant as his personal attendant agreeing and contracting to pay him for his services the sum of $60.00 per month for his services; that claimant did enter upon such employment for deceased, and performed such services for him from March until October, 1930, and that the deceased hired, rented and used an automobile from claimant during the time that he was engaged in his service at a reasonable rental of $50.00; that under such contract of employment deceased was and is now justly due this claimant the following itemized amounts:

For use of automobile.............. $ 50.00
Wages for March, 1930,............. 10.00
Wages for April, 1930,............. 60.00
Wages for May, 1930,............... 35.00
Wages for June, 1930,............. 35.00
Wages for July, 1930,............. 35.00
Wages for August, 1930,........... 60.00
Wages for September, 1930,........ 40.00
Wages for October, 1930,.......... 30.00

Total, ......................$355.00

"That the total sum for which this claim is made, to-wit, $1664.00, which includes principal, interest and attorney's fees, is justly due claimant. That he was forced, after maturity of said note to place the same in the hands of an attorney for collection, agreeing to pay him the ten per cent called for in said note, in order to collect same.

"The State of Texas, County of Franklin.
"I, the undersigned claimant, do solemnly swear that I was and still am the owner of a claim against W. P. Ramsay, deceased, of as above described; that such claim has been lost; that it is just; and that all legal offsets, payments and credits known to me, the affiant, have been allowed.
"Signed H. C. Rouse.
"Sworn to and subscribed by the said H. C. Rouse, before me this, the 5th day of February, 1931.
"W. L. Nelson,
"Notary Public, Franklin County, Texas."

The defendants, administrators, answered by general denial, the plea of non est factum, specially denying the execution of the alleged note by W. P. Ramsay, deceased, and further specially pleaded:

"These defendants will further represent and show the court that the said plaintiff did on the 15th day of July, 1927, go to work for the said W. P. Ramsay, deceased, and continued to work for him during the years of 1928, 1929, and part of 1930; that during a portion of said time from the beginning the said plaintiff was receiving compensation of $20.00 per week, for one month, being the highest salary or wages paid him during the time of his services; that after a few months service at said wages, the salary or wages were decreased to $50.00 per month, that during all of said time the said plaintiff collected from W. P. Ramsay for his services which were usually paid either by the week or the month, that is, the

319

said plaintiff collected for each month's services; and that on the 1st day of March, 1930, W. P. Ramsay was not indebted to this plaintiff in any amount and did not owe him anything. The defendants deny that the said W. P. Ramsay, deceased, owed the said H. C. Rouse the sum of $1100.00 or any part thereof on March 1, 1930."

The case was tried to a jury. The following issues were submitted to and answered by the jury as indicated:

"No. 1: Do you find from a preponderance of the evidence that W. P. Ramsay executed the note to H. C. Rouse described in plaintiff's petition?" Answer: "No."

"No. 3: Do you find from a preponderance of the evidence that H. C. Rouse performed services for W. P. Ramsay from the 1st day of March, 1930, to October 31, 1930?" Answer: "Yes."

"No. 4: What length of time in months do you find from a preponderance of the evidence, if any, that H. C. Rouse performed services inquired about in Issue No. 3, if any, for W. P. Rouse?" Answer: "Eight months."

"No. 5: What amount, if anything, do you find from a preponderance of the evidence did W. P. Ramsay agree to pay H. C. Rouse per month for such services?" Answer: "$60.00."

"No. 6: What amount do you find from a preponderance of the evidence, if any, W. P. Ramsay has paid to H. C. Rouse for such services?" Answer: "$353.00."

The court, in an additional charge, and over the objection of the defendants, submitted to the jury the following issues, which were answered as indicated:

"No. 7: How long do you find from a preponderance of the evidence, did H. C. Rouse perform services for W. P. Ramsay from the time he began work for him?" Answer: "Thirty-nine months, ten days."

"No. 8: What do you find from a preponderance of the evidence did W. P. Ramsay agree to pay for such services?" Answer: "$20.00 per week for thirty-one months, ten days; and $60.00 per month for eight months."

"No. 9: What do you find from a preponderance of the evidence was the total amount paid to H. C. Rouse by W. P. Ramsay for such services?" Answer: "$2,073.00."

Upon the above findings of the jury, the court entered judgment in favor of H. C. Rouse and against the defendants as administrators of the estate of W. P. Ramsay, deceased, establishing in favor of H. C. Rouse against said estate a claim in the amount of $1,115.57, and ordered that the judgment be certified to the county court where the administration is pending for observance. From an order of the court overruling their motion for new trial, defendants have appealed.

■■ Appellee moves the court not to consider the brief of the appellants for the reason that appellants' assignments of error do not make reference to that portion of the motion for new trial in which the error is complained of, citing Equipment Co. v. Luse (Tex. Civ. App.) 250 S. W. 1104, and other cases, holding in accordance with rule 25 (142 S. W. xii) the assignments of error must refer to that portion of the motion for new trial in which the error is complained of. Under the rules stated in Phillips Petroleum Co. v. Booles (Tex. Com. App.) 276 S. W. 667, matters not contained in the motion for new trial may be presented for review in the appellate court by assignments of error, provided the error (not fundamental) complained of has in some manner been duly called to the attention and ruling of the trial court. Article 1844, R. C. S. 1925, as amended by 42d Legislature, c. 75, § 1, p. 117 (Vernon's Ann. Civ. St. art. 1844), dispenses with the necessity of filing the assignments of error in the trial court. Hence it appears that we could not refuse to consider appellants' assignments of error, properly filed in their brief in this court, on the objection that they do not refer to that portion of the motion for new trial in which the error is complained of.

By their appeal, appellants present two points which we will consider: (1) That the judgment is not authorized or sustained by the pleadings; and (2) that the judgment establishes a claim of a different nature and character from that presented to and rejected by the administrators.

■ With reference to appellants' first proposition, it appears that the pleadings of the plaintiff, H. C. Rouse, when looked to alone, may not be sufficient to authorize that portion of the judgment based upon the findings of the jury for services rendered by H. C. Rouse, at $20 per week, for thirty-one months and ten days prior to March 1, 1930. But the trial court, to sustain its judgment, is authorized to supply omissions in the pleadings of one party by the allegations in the pleadings of the other party to the suit, and it is thought that the pleadings of the defendants with reference to the services

rendered by H. C. Rouse for W. P. Ramsay during 1927, 1928, 1929, and prior to March 1, 1930, sufficiently aid the pleadings of the plaintiff to authorize the judgment thereon, if it can otherwise be sustained. Ormsby v. Ratcliffe (Tex. Com. App.) 36 S.W.(2d) 1005; Gulf, C. & S. F. Ry. Co. v. Lipshitz (Tex. Civ. App.) 29 S.W.(2d) 905; Ray v. Barrington (Tex. Civ. App.) 297 S. W. 781.

■ But a more serious matter is presented by appellants' second proposition, contending that the judgment is unwarranted in law in that it establishes a claim of a different nature and character from that presented to and rejected by the administrators, with reference to so much of the judgment as is based upon the findings of the jury that plaintiff, H. C. Rouse, rendered services for W. P. Ramsay for thirty-one months and ten days at $20 per week; this recovery being in addition to the eight months at $60 per month described in plaintiff's claim as presented for wages from March to October, inclusive, 1930. The claim as presented is not for any services or upon any contract for services rendered by H. C. Rouse to W. P. Ramsay, other than from March to October, inclusive, 1930. Other than for the services rendered from March 1 to October 31, 1930, the claim as presented to the administrators is upon a described promissory note alleged to have been lost, and is controlled by the provisions of article 3515, R. C. S. 1925. The jury found that the alleged lost note was never executed; hence that part of the claim was terminated, leaving only that part of the claim for services from March to October, inclusive, 1930, being eight months' services at $60 per month, and on which there had been paid, according to the finding of the jury, the sum of $353. That ended the claim as presented to the administrators. But, in answer to the additional issues submitted by the court, the jury found that H. C. Rouse had performed services for W. P. Ramsay covering a total period of thirty-nine months and ten days, which was thirty-one months and ten days in addition to the eight months set out in the claim presented to the administrators. The jury further found that W. P. Ramsay agreed to pay H. C. Rouse the sum of $20 per week for said thirty-one months and ten days, which was taken into consideration by the court and forms a part of the judgment. Therefore the judgment, in so far as it includes the thirty-one months and ten days at $20 per week, establishes a claim which was not formally presented to the administrators. It was a claim for money, such as is required by statute, article 3514, R. C. S. 1925, to be presented to the administrator, properly verified, for his approval or rejection before suit may be brought thereon, article 3522, R. C. S. 1925. A claim which has not been verified as required by the statute and been presented to and rejected by the administrator has no legal standing as the basis of a suit, Dent v. A. Harris & Co. (Tex. Civ. App.) 255 S. W. 221; Danzey v. Swinney, 7 Tex. 626; and, until so presented and rejected, no judgment may be rendered thereon, for article 3530, R. C. S. 1925, expressly provides: "No judgment shall be rendered in favor of a claimant upon any claim for money which has not been legally presented to the executor or administrator, and rejected by him, either in whole or in part."

For the reasons above stated, it is not thought that the judgment of the trial court can be sustained further than as based upon that part of the claim presented to the administrators for the services of H. C. Rouse rendered to W. P. Ramsay from March 1 to October 31, 1930, at $60 per month, the amount due upon which as shown by the findings of the jury being $480 less credit of $353, leaving balance unpaid of $127, for which amount the judgment of the trial court will be sustained, and in all other respects reversed.

Wherefore the judgment of the trial court is reversed, and judgment rendered in part and cause remanded in part, namely: Judgment is here rendered establishing appellee's claim for $127, being for the balance found to be due for services rendered by him to W. P. Ramsay from March 1 to October 31, 1930; judgment is here entered remanding the proceedings establishing a claim for thirty-one months and ten days in addition to the eight months set out in the claim presented to the administrators, without prejudice to appellee's claim in that respect, and for proper proceeding required by statute. The cost of this appeal is taxed against the appellee.