Stone v. First Tenn. 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-419-CV





HAROLD B. STONE, DEPENDENT EXECUTOR 


OF THE ESTATE OF CHARLES A. OGLE, DECEASED,



 APPELLANT


vs.





FIRST TENNESSEE BANK NATIONAL ASSOCIATION,



 APPELLEE



 




FROM PROBATE COURT NO. 1 OF TRAVIS COUNTY, 



NO. 50,136, HONORABLE GUY HERMAN, JUDGE 





 





 Appellant Harold B. Stone, dependent executor of the estate of Charles A. Ogle,
(the "Executor") appeals the order of the Travis County probate court certifying a claim under a
Tennessee judgment that the deceased was liable for principal, interest, and attorney's fees, based
on his guaranty of two notes made by First Tennessee Bank National Association (the "Bank"). 
The Executor contends that the Bank failed to proceed properly according to the Texas Probate
Code provisions governing presentation and certification of claims. We disagree and will affirm
the order of the probate court.



BACKGROUND


 To understand this case we must examine the transactions giving rise to the claim. 
On July 13, 1983, and again on October 26, 1983, Athletic Industries International (AII) executed
promissory notes to the Bank. Both notes required interest to be determined based on a variable
rate. Charles Ogle guaranteed these notes. AII defaulted on both notes when they matured in
August 1985. Charles Ogle died in December 1985. The Bank is seeking repayment from Ogle's
estate, under the guaranty agreement, of the principal and interest on the notes, as well as
attorney's fees incurred.

 The Bank first filed the AII claim on June 23, 1986, asking for principal, interest,
and attorney's fees. The Executor rejected that claim on July 22, 1986. On August 20, 1986,
the Bank timely sued the Executor on the AII notes in chancery court in Tennessee. Due to a
change in the variable interest rate on the notes, the petition filed in Tennessee alleged a different
rate of interest than the June 23, 1986, claim and also reflected an increase in the amount of
attorney's fees requested. The Bank also presented the AII claim to the Executor for the second
time, with amendments to reflect those same revisions in the interest rate and the attorney's fees. 
In September, the Bank filed the claim, as amended, in the probate court. The Executor then filed
a memorandum of allowance and stipulation, allowing the principal as stated in the claim, plus
accrued interest and reasonable attorney's fees, but declining to accept or reject the attorney's fees
requested in the claim for lack of supporting information. The Executor also filed an answer in
the Tennessee lawsuit on September 26, 1986.

 On November 21, 1986, the probate court issued an order (the "November order")
approving the Bank's claim to the extent the Executor allowed it. The November order did not
classify the claim. The significance and effect of the November order is central to the dispute in
this case.

 In the Tennessee court, the parties stipulated to the amount due under the notes and
tried the lawsuit on the issue of the amount of the Bank's reasonable attorney's fees. The final
judgment rendered against the Executor awarded the Bank $152,128.01 in principal, $30,950.25
as accrued interest, and attorney's fees of $15,000. The Tennessee Court of Appeals affirmed the
judgment. An amended judgment was rendered to reflect the $4,269.04 of additional attorney's
fees allowed on appeal. This judgment will be referred to hereinafter as the "Tennessee
judgment."

 The Bank filed a certified copy of the Tennessee judgment in the Travis County
Probate Court on February 15, 1991, along with an application for classification of the claim. 
The court, over the objection of the Executor and after an evidentiary hearing, rendered an order
that directed the clerk to enter the Tennessee judgment on the claim docket, classified the claim,
and declared the November order "void." The Executor appeals from this February 15, 1991,
order.

 The Executor presents seven points of error on appeal. Point of error one asserts
that the probate court lacked the power to vacate the November order. Point of error two
contends that the application to classify the Tennessee judgment as a claim was an impermissible
collateral attack on the November order and should have been refused. Point of error three asserts
that the November order was res judicata to the Tennessee judgment and the probate court should
have on that basis refused to classify the judgment. Points four, five, six, and seven all assert
claims of improper presentment or failure of presentment of the claim sued upon in Tennessee. 
All of these points complain of the probate court's conclusions of law and will be reviewed as
such. This Court finds that all grounds of appeal lack merit, and we affirm the probate court's
order of February 15, 1991.



DISCUSSION AND HOLDING


The November Order

 The Executor, in his first point of error, claims that the probate court lacked the
power to vacate the November order. The Executor claims that the November order was a final
order and could properly be challenged only by a bill of review and not by application for the
classification of the Tennessee judgment. We disagree. We find that the November order was
not a final order, particularly as to the amount of interest and reasonable attorney's fees.

 Although the probate court can issue appealable orders during the course of
probate, which orders do not necessarily dispose of the entire probate proceeding, those orders
must finally dispose of the issue or contested question for which the particular proceeding was
brought. Kelley v. Barnhill, 188 S.W.2d 385, 386 (Tex. 1945). The orders must also meet the
statutory requirements for that type of order. See Tex. Prob. Code Ann. §§ 5, 312 (West 1980). 
The probate court is only able to issue orders on allowed claims. See Tex. Prob. Code Ann. §§
312, 313 (West 1980); Small v. Small, 434 S.W.2d 940, 942, (Tex. Civ. App.Waco 1968, writ
ref'd n.r.e). Under the Probate Code, the probate court when acting on an allowed claim must
annex to the claim a written memorandum stating the action taken on the claim and classifying the
claim. (1) Tex. Prob. Code Ann. § 312(d). The November order does not meet these requirements. 
Although the order purports to approve the claim, it does so only to the extent allowed by the
Executor, and it fails to classify the claim.

 The Executor did not completely allow the amended claim; he failed to specify the
amount of the allowed interest and rejected the requested attorney's fees, leaving open the proper
amount of attorney's fees that would be approved. Therefore, the November order could not
approve the claim as to those issues not specified in the Executor's memorandum.

 Because the November order was not final as to interest and attorney's fees, the
probate court had the power to supplement it with an order based on the application to classify
the Tennessee judgment as a claim. This Court considers the November order interlocutory and,
therefore, subject to change by the probate court. (2) We overrule point of error one.



Application to Classify the Tennessee Judgment


 The Executor contends in points of error two and three that the application to
classify the Tennessee judgment as a claim was an impermissible collateral attack on the
November order and that res judicata bars the Tennessee judgment. We believe that the probate
court acted properly in granting the application to classify the Tennessee judgment.

 The Executor argues that the "amended claim," filed in September 1986, was valid
and that by presenting the Tennessee judgment which concerns the first claim, the Bank
collaterally attacked the November order, which approved the amended claim. A collateral attack
is an attempt to avoid the binding effect of a judgment in a proceeding not instituted for such
purpose. See Ackers v. Simpson, 445 S.W.2d 957, 959 (Tex. 1969); Texaco, Inc. v. LeFevre, 610
S.W.2d 173, 176 (Tex. Civ. App.Houston [1st Dist.] 1980, no writ).

 If an order is not final, any attack against it in a separate proceeding is not a
collateral attack since the order is not a judgment with binding effect. Gathings v. Robertson, 276
S.W. 218, 219 (Tex. Comm. App. 1925, holding approved). As we have already held, the
November order was not final, particularly as to those parts of the claim that the Executor refused
or failed to specify, i.e., attorney's fees and the amount of the accrued interest. (3) Further, as we
have also already determined, the court's failure to classify the amended claim allowed by the
Executor indicates that the order was not final. Because the November order is not final and
binding, classification of the Tennessee judgment is not a collateral attack.

 Even if the November order were final, the application to classify the Tennessee
judgment would not be a collateral attack. The Tennessee judgment is not contradictory in any
respect to the November order approving the amended claim since that order merely approves the
claim to the extent allowed by the Executor. The Tennessee judgment supplements the November
order by specifying the amount of accrued interest and reasonable attorney's fees, which the
November order left contingent. The amount of principal due on the notes, the part of the claim
specifically allowed by the Executor, and thus approved in the November order, remained the
same. The application did not request that the November order be set aside, nor was it necessary
to set aside the November order to grant the application to classify the Tennessee judgment. Since
the classification of the Tennessee judgment did not actually require setting aside the effective part
of the November order, the application was not a collateral attack. See Texaco, Inc., 610 S.W.2d
at 176. We overrule point of error two.



Res Judicata Defense to Tennessee Judgment

 The Executor also contends that the probate court erred by granting the Bank's
application to classify the Tennessee judgment because the November order was res judicata as
to the Tennessee judgment. In effect the Executor is trying to collaterally attack the Tennessee
judgment on the basis of the prior order. Even if the the November order were res judicata as to
the Tennessee lawsuit, that judgment would be only erroneous, not void, and an erroneous
judgment is not subject to collateral attack. Garza v. Garza, 666 S.W.2d 205, 208 (Tex. Civ.
App.--San Antonio 1983, writ ref'd n.r.e.). Further, res judicata under Texas law is waived if not
pled as an affirmative defense in the trial court during the suit sought to be barred. Tex. R. Civ.
P. 94; see also Toler v. Harbour, 589 S.W.2d 529, 531 (Tex. Civ. App.Amarillo 1979, writ
ref'd n.r.e). Thus, since the defense would be waived, it cannot serve as the basis for a collateral
attack. Once a final judgment was presented to the Texas probate court, that court was required
to treat the Tennessee judgment as an approved claim under the Probate Code. Chisholm v.
Bewley Mills, 287 S.W.2d 943, 946 (Tex. 1956). The probate court's duty was to record and
classify the claim. See Tex. Prob. Code Ann. § 313. The probate court therefore acted properly
in granting the application to classify the claim. We overrule point of error three.



Proper Presentment of the Claim

 In points of error four through seven the Executor contends that the Bank failed
properly to present to him the claim sued upon in the Tennessee judgment and, therefore, that
judgment should not be classified as a claim against the estate. This Court has held that when a
petition fails to allege that the claim has either been presented to the administrator (or falls into
a statutory exception to the requirement, not at issue here), the court has no jurisdiction over the
claim. Johnson v. First Mortgage Loan Co., 135 S.W.2d 806, 808 (Tex. Civ. App.Austin 1939,
no writ). 

 However, although presentment is a jurisdictional requirement, that requirement
is satisfied by allegations and statements of fact in the petition that the claim was presented and
refused. See Podgoursky v. Frost, 394 S.W.2d 185, 189-90 (Tex. Civ. App.--San Antonio 1965,
writ ref'd n.r.e.). In this case, the jurisdictional requirement has been met by the allegations in
the petition in the Tennessee suit. Therefore, presentment cannot form the basis of a collateral
attack. A challenge to the jurisdiction of a court issuing a binding judgment, regular on its face
and its record, in a proceeding which is not a direct appeal from that judgment, is an
impermissible collateral attack. See White v. White, 179 S.W.2d 503, 506 (Tex. 1944);
Huffstutlar v. Koons, 789 S.W.2d 707, 710 (Tex. App.Dallas 1990, no writ). The Executor
should have brought this defense before the Tennessee court during the pendency of that suit. 

 The Executor contends that the presentment of the first claim does not satisfy the
jurisdictional requirement since the lawsuit is for the amount reflected by the "amended claim"
and not the "original claim." The Executor argues that Ramsay v. Rouse, 68 S.W.2d 317 (Tex.
Civ. App.Texarkana 1934, writ ref'd), requires that the exact amount presented and refused by
the executor or administrator be at issue in the lawsuit on that claim. This is an argument that
should have been made in the Tennessee courts, as indeed, Ramsay was an appeal from the district
court judgment determining the validity of a claim. (4)

 Since the petition in the Tennessee lawsuit states that the Bank presented the claim
to the administrator who refused it, and that point was not argued on appeal in Tennessee, we hold
that the jurisdictional issue has been waived. Even if the point were properly preserved, we find
that the claim in the Tennessee lawsuit is the same as the first AII claim presented to the
administrator and refused, despite the increase in the dollar value of the attorney's fees and
accrued interest as well as the change in the rate of interest. We overrule points of error four
through seven.



CONCLUSION


 Because we conclude that the probate court correctly gave full faith and credit to
the Tennessee judgment and properly granted the application to classify it, we affirm the final
order of that court issued February 15, 1991.



 

 Mack Kidd, Justice

[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: September 16, 1992

[Do Not Publish]

1.   Probate Code section 322 sets out guidelines for classifying claims. A claim's class
determines its priority of payment. Tex. Prob. Code Ann. § 322 (West Supp. 1992). 
Paying claims out of order of their classification could subject the executor to liability if
the estate's assets are insufficient to pay all approved claimants and a higher class claim
is not paid because of payment of a lesser claim. It is the sole responsibility of the probate
court in a dependent administration to determine a claim's classification. See M. K.
Woodward & Ernest E. Smith III, Probate and Decedents' Estates, 18 Texas Practice § 940
(1971) (and cases cited therein).
2.   If the probate court wants to consider the November Order "void" it may do so, but
we are not bound by how the probate court styles its actions. See Andrews v. Key, 13
S.W. 640, 642 (Tex. 1890); Vela de Benavides v. Warren, 674 S.W.2d 353, 362 (Tex.
App.San Antonio 1984, writ. ref'd n.r.e.). The probate court had the power to set the order
aside since it was not final.
3.   To the extent that the claim for attorney's fees was rejected by the executor's failure
to allow, we note that a probate court has no jurisdiction over rejected claims. See Ulrich
v. Estate of Anderson, 740 S.W.2d 481, 486 (Tex. App.--Houston [1st Dist.] 1987, no writ);
Lopez v. Wallace, 453 S.W.2d 383, 385 (Tex. Civ. App.El Paso 1970, no writ).
4.   Further, we find Ramsay distinguishable. In Ramsay, the trial court rendered
judgment, based not on the contract claim presented and refused by the administrator, but on a
historic employment relationship, separate from and not reflected in the claimed contract with
the deceased, which relationship had not been presented to the administrator or even pleaded
by the plaintiff. Ramsay, 68 S.W.2d at 319-20. In the case at bar the notes at issue in the
lawsuit were the same as those presented to the Executor. We find that Ramsay does not
operate to void the Tennessee judgment. The changes in the amount and rate of interest and
the amount of attorney's fees between the original claim and the petition in the Tennessee suit
result from the passage of time and pursuit of litigation caused by the Executor's own actions,
not an alternate claim. We agree with the Dallas Court of Appeals, which also allowed
changes of this type between the claim presented and the petition in the suit to prove that
claim. See Thomas v. State Life Ins. Co., 123 S.W.2d 385, 387 (Tex. Civ. App.Dallas
1938, no writ).