## D. H. GIBSON v. V. W. HALE, ADM'R.

(Case No. 3455.)

1. CLAIM AGAINST ESTATE — EFFECT OF PARTIAL ALLOWANCE AND APPROVAL OF.— An action is not maintainable to establish the balance of an account against an estate, after it has been presented duly authenticated to the administrator, and has been by him in part allowed and in part rejected, and the holder has then proceeded to procure its approval by the probate judge. That approval has upon the entire claim the force and effect of a judgment.

ERROR from Lamar. Tried in 1876 before the Hon. John C. Easton.

The opinion states the case.

*Wright & McDonald* and *Maxey, Lightfoot & Denton,* for plaintiff in error.—  .  .  .  Certainly nothing could be more unfounded than the proposition that the action of the judge was *res judicata* as to the whole claim. The cardinal feature of *res judicata* is identity of subject matter or cause of action. Freeman on Judgments, sec. 242. The judge did not pass on the rejected portion of the account; he had no authority to pass on it. Id., sec. 249. A claim against a decedent cannot be presented in the first instance to the judge; it must first be presented to the administrator for allowance; if he rejects it *in toto,* it can never go to the judge, but the claimant must bring his suit to establish it. If the administrator allows *in toto,* the claim goes to the judge, who can approve *in toto,* partially, or disapprove altogether. If the administrator allow a portion of the account and reject the balance, as in the case at bar, and the claimant go to the judge, what is the extent of his power? The question almost answers itself. It is simply to approve the allowance for the amount thereof, or any portion, or to disapprove it altogether. Does he pass on the rejected portion of the account? Can he pass on it? Can he take any cognizance whatever of it? If not, then it is absurd to say that his action in approving the allowed portion of the account, over which alone he had any jurisdiction, is *res judicata* as to the rejected portion. The whole doctrine of *res judicata* will be found fully and most ably discussed by Mr. Freeman in his work on Judgments, under the head of Estoppel. We refer the court specially to sections 249, 256, 257, 259, 260, 268 and 269.

2. We differ widely with counsel for defendant in error in the proper construction to be placed on the law regulating the manner of having claims allowed and approved. Now the statute of 1848

(Pasch. Dig., art. 1311) expressly directs the claimant, when any part of his claim has been allowed by the administrator, to present it so allowed to the chief justice for approval, and he is then authorized to receive payment for the amount so allowed and approved, and to bring his suit to establish the remainder. Whilst the law under which the proceedings in this case took place (Probate Law of 1870, secs. 176 to 206, inclusive) is not so specific on this point as the law of 1848, just cited, still there is no conflict between them, and the law of 1870 will not bear any other construction than that which harmonizes with the plain and unmistakable import of the law of 1848, in which no room is left for construction.

As authority for sustaining the action of the court below, the counsel for defendant in error rely especially on section 191 of the probate law of 1870, which we transcribe in full:

"Article 191. When a claim, or part thereof, has been rejected, the claimant, *if he do not submit thereto*, shall institute suit thereon within ninety days after its rejection by the executor or administrator, or the same shall be barred." The article quoted contains two separate, distinct propositions thrown together in the same sentence. One proposition is: "When a claim has been rejected, the claimant," etc.; the other is: "When part of a claim has been rejected, the claimant, if he do not submit thereto," etc. So that the submission spoken of does not refer to his acceptance of the part allowed, but solely to the rejection of the whole or a part of his claim. If a portion of the claim being undisputed, is allowed, why litigate about this part of it? What reason is there that the administrator should not relieve the estate of the undisputed portion of the account by paying it, and thereby stopping the interest, and then resist the balance if he so desires? No reason can be given, either on principle or authority, why the judgment of the court below should be sustained. . . .

*E. L. Dahoney* and *Hale & Scott*, for defendants in error.

STAYTON, ASSOCIATE JUSTICE.— The cause of action, and question involved in this cause, is thus stated by plaintiff in error in his brief:

"The only question in this case, and the one on which it was decided in the court below, is this: The plaintiff Gibson had an account against the estate of Jacob F. McCarty, deceased, for $1,544.07, which, after proper authentication, he presented to McCarty's administrator for allowance. The administrator allowed the account to the extent of $196, and rejected it as to the balance;

on this partial allowance Gibson procured the approval of the judge, and the administrator soon thereafter paid him the amount.   Gibson then (and within ninety days from the date of rejection) brought this suit to establish that portion of his account which had been rejected, and the facts as here stated are averred in the petition.   To this petition the defendant filed a general demurrer, which the court sustained, on the ground that the approval by the judge of the partial allowance of $196 was *res judicata* as to the whole claim, and that thereby Gibson was estopped from further prosecuting the same.   And this is the point presented by the assignment of errors."

This statement may be taken as substantially correct.

The general rule is, that a judgment rendered upon a cause of action sued upon, for less than the entire sum claimed, is a bar to another action upon any part of the cause of action upon which the first suit was brought, and that the original cause of action is merged in the judgment.

The petition avers that the cause of action in this cause is identical with the account presented to the administrator and by him in part allowed, and which was afterwards affirmed by the probate court, and whether it was an indivisible cause of action or not is immaterial; for the petition in this cause does not show what items of the account now sued upon were established by the judgment of the probate court, and paid by the administrator before the institution of this suit; but upon the contrary, this suit is brought upon the entire account originally presented to the administrator, and a credit is allowed upon the entire account for the money paid.

If certain items of the account had been approved and allowed, and the residue rejected, and it was admissible even in such case to bring a suit for the part rejected after the part allowed had passed into a judgment and had been paid, even then it would be incumbent upon the plaintiff to omit from the present action such items as had been paid; for the plaintiff had no cause of action upon such items after their payment, and it cannot be contended that the money paid by the administrator was paid upon the general account, without at least an averment that such was the fact.   The petition was so uncertain in reference to the items of the account which had not been paid, that the court would not have erred in sustaining the general demurrer thereto upon that ground, and upon the ground of its inconsistency.

We will consider, however, the effect of the judgment of the probate court.

The allowance of a part of the claim, and the approval thereof, occurred under the act of August 15, 1870.   The 197th section of

that act declared that "The order of approval of a claim has the force and effect of a judgment." Pasch. Dig., 5665.

Another section of the act provides that "When a claim or a part thereof has been rejected, the claimant, if he do not submit thereto, shall institute suit thereon within ninety days after its rejection by the executor or administrator, or the same shall be barred." Pasch. Dig., 5659.

The probate court was not wanting in jurisdiction over the subject matter of the whole claim, but the manner in which it was presented to that court for its action rendered it impossible for it to approve any more of the claim than had been allowed by the administrator.

Upon the rejection of a part of the claim the holder could have the claim become a judgment of the probate court in so far as the administrator had allowed it, or he could sue upon it in the district court and take such judgment as that court might render in his favor.

He elected to submit to the rejection, and thus permitted a judgment upon his claim, and there is no good reason why, having so elected, such a judgment should not have upon the entire claim "the force and effect of a judgment" rendered in any other than the probate court. Freeman on Judgments, 319a, 215, 216, 222, 239, 249; Brazier v. Banning, 20 Pa. St., 348.

The plaintiff in error was under no legal obligation to present his claim in its partly rejected condition to the probate court; but by electing to do so, he gave that court the power to render a judgment upon his claim, which has been by him throughout treated as indivisible, and he must be held bound and concluded by its judgment; for there can be but one final judgment in the case. R. S., 1337.

By presenting his claim to the probate court, after the rejection of a part thereof, he must be held to have "submitted" to the rejection. If such was not his intention, he should have sued upon his entire claim in some court in which he could obtain a judgment thereon, if entitled to it.

It was never contemplated that persons might litigate a claim against estates, which they may and have presented for allowance and approval as one single claim, by parcels and in different courts. Such a course would introduce into the business of estates such uncertainty and expense as was never contemplated.

The judgment of the probate court must be held a bar to the present action.

The judgment is affirmed.                    AFFIRMED.

[Transferred to Tyler, and opinion delivered October 24, 1882.]