**Glades Dampier SMALL, Appellant**

v.

**Joan SMALL, Administratrix of the Estate of V. Houston Small, Deceased, Appellee.**

**No. 4759.**

Court of Civil Appeals of Texas.

Waco.

Nov. 27, 1968.

Rehearing Denied Dec. 19, 1968.

Jerry W. Biesel, Dallas, for appellant.

Matthews & Matthews, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Glades Small, from a judgment of the 134th District Court, dismissing her cause of action on a claim against defendant estate.

Both plaintiff and defendant were formerly married to the deceased, V. Houston Small. While married to plaintiff, deceased executed two notes payable to plaintiff in the amount of $3,000. each.

On June 14, 1965 plaintiff filed claim for the $6,000. against deceased's estate in the Probate Court. Such claim was not authenticated as required by Section 301 of the Probate Code, V.A.T.S.,[1] but the *then* administrator nevertheless allowed the claim. On July 2, 1965 defendant filed contest to the approval of the claim, and on August 9, 1967 amended such contest.

On October 3, 1967 plaintiff filed what was designated as "amended" claim against the estate for the $6,000. plus interest, and affixed authentication as required by Probate Code Section 301.[1] The "amended" claim was not approved by the *new* administratrix, but on October 5, 1967, the Probate Court heard evidence on the claim, and on October 6, 1967 entered an order rejecting *"the claim and amendments thereto."*

On November 2, 1967 plaintiff filed suit in the 101st District Court, complaining of the denial of the claim. The 101st District Court dismissed this suit for want of jurisdiction.

On January 24, 1968 plaintiff filed this case in 134th District Court, on the claim filed on October 3, 1967, alleging the administratrix failed to approve or reject same within 30 days and that such constitutes a rejection under Section 310 Probate Code,[2] (thereby allowing suit under Section 313 Probate Code).[3]

1. "Sec. 301. Claims Must Be Authenticated * * no personal representative of a decedent's estate * * shall allow, and the court shall not approve, a claim for money against such estate, *unless such claim be supported by an affidavit that the claim is just and that all legal off-sets, payments, and credits known to the affiant have been allowed.* * * *"

2. "Sec. 310. Failure To Endorse or Annex Memorandum. The failure of a representative of an estate to endorse on, or annex to, a claim presented to him, his allowance or rejection thereof within thirty days after the claim was presented, shall constitute a rejection of the claim. * * *"

3. "Sec. 313. Suit on Rejected Claim. When a claim * * has been rejected by the representative, the claimant shall institute suit thereon within ninety days after such rejection, or the claim shall be barred. * *"

Defendant moved to dismiss plaintiff's suit on 2 grounds: 1) The judgment in the 101st District Court suit was res judicata. 2) The claim was denied by the Probate Court, and plaintiff's only remedy was by appeal to the District Court.

The trial court sustained such motion and dismissed plaintiff's cause of action, holding the judgment of the 101st District Court was res judicata; and further that the District Court was without jurisdiction.

Plaintiff appeals, contending: 1) The trial court erred in dismissing plaintiff's case, and holding plaintiff's remedy was by *appeal* to the District Court. 2) The trial court erred in dismissing plaintiff's case, and holding the judgment of 101st District Court was res judicata.

■ The first claim filed by plaintiff on June 14, 1965 without proper verification, was void.

The allowance by the then administrator had no effect whatever. The whole transaction was a nullity. Walters v. Prestidge, S.Ct., 30 Tex. 65; Gillmore v. Dunson, S.Ct., 35 Tex. 435; Lanier v. Taylor, Tex. Civ.App., (n. w. h.), 41 S.W. 516; Whitmire v. Powell, Tex.Civ.App., 117 S.W. 433; 103 Tex. 232, 125 S.W. 889; 74 A.L.R. p. 390, et seq.

The only valid claim was the second claim filed October 3, 1967. This claim was not approved by the administratrix, and stood rejected 30 days later as a matter of law, by virtue of Section 310 Probate Code.

■ Though Section 312(b) Probate Code only gives the Probate Court the right to hear *approved claims,* the Probate Court by order on October 6, 1967 rejected the claim. The order of the Probate Court on October 6, 1967 was a nullity; and the claim

stood in the posture of a claim rejected by the administratrix.

Claims which have been approved by the administrator, but thereafter rejected by the Probate Court, are *appealable* to the District Court under Section 312(e) Probate Code.[4] But this is not our situation.

Section 313 Probate Code provides "When a claim * * * *has been rejected by the representative,* the claimant shall institute suit thereon within ninety days after such rejection, * * *" (in a court of competent jurisdiction).

■ Plaintiff's claim was rejected by the administratrix and plaintiff filed her suit in 134th District Court within 90 days. Plaintiff's remedy was by filing suit in District Court as she did, and the 134th District Court had jurisdiction of the cause.

We come now to whether the judgment of the 101st District Court, dismissing plaintiff's cause for want of jurisdiction on December 18, 1967 is res judicata of the present case.

■ The rule is that a judgment for defendant based on lack of jurisdiction does not bar the plaintiff from bringing an action on the same cause in a court having jurisdiction. 30A Am.Jur. Sec. 352, p. 394; 49 A.L.R.2d 1036 et seq.; Smith v. Burns, Tex.Civ.App. (n. w. h.) 107 S.W.2d 397. The Smith case, supra, expresses the rule thusly: "The principle of res adjudicata can have no application where the court in the former action had no jurisdiction or held that it had none and disposed of the action accordingly. * * An adjudication on the merits was necessary for the judgment to become res adjudicata of a subsequent action even between the same parties."

The judgment of the 101st District Court was thus not res judicata of the present action.

4. "Sec. 312(e) Appeal. When a claimant * * shall be *dissatisfied with the action of the court* upon a claim, he may appeal therefrom to the district court, as from other judgments of the county court in probate matters."

Plaintiff's contentions are sustained. The judgment is reversed, and the cause remanded for trial.

Reversed and remanded.