George M. KLUTTS, D.D.S., Appellant,

v.

Blanche C. NEWBURY, Guardian of the Estates of Blanche Louise Newbury et al., Minors, Appellee.

No. 17086.

Court of Civil Appeals of Texas, Fort Worth.

Feb. 27, 1970.

Rehearing Denied April 10, 1970.

Penix, McCracken & Andrews, and Ken Andrews, Graham, for appellant.

Gerald Weatherly, Dallas, for appellee.

## OPINION

LANGDON, Justice.

This appeal is from a summary judgment.

On April 2, 1969, George M. Klutts, plaintiff, instituted suit in the 90th District Court of Young County, Texas, on a note for $1,147.00 against the defendant, Blanche C. Newbury, Guardian of the Estates of Blanche Louise Newbury and Elizabeth Anne Newbury, minors. He alleged in his sworn pleading that commencing in January, 1968, he did certain dental work on the two minors then living in Graham, Young County, Texas. That the defendant, Blanche C. Newbury, mother of the two minors, in her capacity as guardian, executed the note on January 19, 1968, in payment for such work. That it provided for ten per cent interest from date, reasonable attorney's fees and for the payment of other costs and charges for the collection thereof. The petition recited

that the note was attached thereto as Exhibit A. A copy of the note does not appear in the record. There is attached to the petition a copy of an itemized statement for dental services allegedly furnished the two minors in the total amount of $1,167.00, consisting of $890.00 for Blanche Louise and $277.00 for Elizabeth Anne. The petition recited that his claim for the dental work had been presented to the (defendant) guardian of the estates of the minors in guardianship proceeding No. 3210 which was then and is still pending in the County Court of Young County, Texas, and that same had been rejected according to letter dated March 17, 1969.

The defendant's answer consisted of a plea of privilege, a plea in abatement, a plea of res judicata and a sworn denial. The trial court overruled the plea of privilege. Both parties filed motions for summary judgment. The defendant's motion based upon the defense of res judicata was granted and that of the plaintiff was denied, the judgment reciting "that plaintiff take nothing."

The appellant by a single point contends the court erred in granting the summary judgment because his suit "was not barred and Fact Issues existed." The appellee insists that her plea of res judicata is conclusively established by the record, and thus the judgment should be affirmed.

We reverse and remand.

The parties will be referred to as they were in the trial court, the appellant as plaintiff and the appellee as defendant.

The following matters reflected by the record and deemed pertinent to this appeal are listed in chronological order:

*March 3, 1969*—The plaintiff's claim against the guardianship was sworn and subscribed to by the plaintiff. The record does not reflect the date on which the claim was presented. It was in the amount of $1,167.00 based upon the same itemized statement for dental services which was attached to the plaintiff's petition above described. The claim as filed was in full

compliance with V.A.T.S. Probate Code, § 301.

*March 14, 1969*—The following endorsement was placed upon the plaintiff's claim and signed by Blanche Curtis Newbury, Guardian of the persons and estates of the two minors: "The above claim duly authenticated was presented to me on the 14th day of March, 1969, and after examining it, I hereby reject it, this the 14th day of March, 1969. I hereby reject this fantastic claim, but agree to $332.00 as fair, as proposed by Mr. Jennings, Judge Thompson and myself. It was too much at that."

*March 17, 1969*—A letter bearing this date was written to the plaintiff by the attorney of record in the guardianship proceeding which stated: "Your sworn claim against the estates of the two minor children has been presented to Mrs. Newbury, and she has determined to reject your claim except to the extent of $332.00, of which $90.00 is allowed against the estate of Elizabeth Anne Newbury and the sum of $242.00 is allowed against the estate of Blanche Louise Newbury. The claim was presented to Mrs. Newbury on March 14, 1969, and her action was taken on March 14, 1969. *I have this date forwarded this claim to the County Clerk of Young County for filing.*" (Emphasis ours.)

*April 2, 1969*—Less than twenty (20) days after his claim had been rejected in part by the guardian the plaintiff filed his suit (subject of this appeal) in the District Court for the entire amount of his original claim.

V.A.T.S. Probate Code, § 313, provides that "When a claim or a part thereof has been rejected by the representative, the claimant shall institute suit thereon within ninety days after such rejection, or the claim shall be barred. * * *" See also 27 Tex.Jur.2d 506, § 217, concerning suits to establish rejected claims and § 218, p. 507, of same text.

*April 2, 1969*—On or after the date he filed suit in the District Court the plaintiff filed an objection to the closing of the guardianship proceeding No. 3210 in the County Court of Young County, Texas, which stated: "Now comes DR. GEORGE M. KLUTTS and files this his written objection to the closing of the above guardianship and for reason would show that he has filed suit in the District Court of Young County, Texas, against the guardianship for money owed him, in the guardianship in No. 16,472, George M. Klutts, DDS vs. Blanche C. Newbury, Guardian of the Estates of Blanche Louise Newbury and Elizabeth Anne Newbury, Minors, and that said guardianship should not be closed until such time as his cause is disposed of.

*"A copy of this Petition is attached to his written objection."* (Emphasis ours.)

*April 29, 1969*—The order approving the annual account and order for payment of claims in the guardianship proceeding No. 3210 was signed by the judge thereof and filed. The last paragraph of the order contains a reference to the written objections (described in the preceding paragraph) filed by the plaintiff and reads as follows: "And it further appearing to the Court that Dr. G. M. Klutts has appeared herein and requested the Court not to act on the final account on the Estate of Elizabeth Anne Newbury until such time as Cause No. 16472 is disposed of, and there being no objection to a postponement of a hearing on the final account of the Guardian in connection with the Estate of Elizabeth Anne Newbury Alland, who is no longer a minor, it is therefore ORDERED that the hearing on the application of the Guardian for discharge with respect to the Estate of Elizabeth Anne Newbury Alland be and the same is hereby continued at this time."

*May 28, 1969*—The County Judge made and signed the following endorsement or notation on the plaintiff's claim (in the guardianship) on the same page below the March 14, 1969, endorsement of partial rejection of the claim (above described) which was signed by Blanche C. Newbury:

"This claim, having been duly presented to and allowed by the guardian of the es-

tates of the minor wards to the extent of $332.00, being allowed against the estate of Elizabeth Anne Newbury to the extent of $90.00 and against the Estate of Blanche Louise Newbury to the extent of $242.00, having been rejected by the guardian to the extent of $187.00 as to the estate of Elizabeth Anne Newbury and having been rejected by the guardian to the extent of $648.00 against the estate of Blanche Louise Newbury, on the 14th day of March, 1969, and said claim having been presented to the Clerk and entered upon the Claim Docket of this court for a period of ten full days, and having been by me examined, is hereby approved this the 28 day of May, 1969, as a second class claim against the estate of Elizabeth Anne Newbury in the amount of $90.00 and as a second class claim against the estate of Blanche Louise Newbury in the amount of $242.00."

The order of April 29, 1969, approving the annual account and order for payment of claims above referred to signed by the County Judge included the payments specified in the above instrument of May 28, 1969, and authorized the payment of such sums to the plaintiff.

We are unable to find anything in this record to support the assertions made by the attorney for the defendant to show or to intimate that the plaintiff sought by word or action to obtain the approval of the County Judge of that portion of his claim which was allowed by the Guardian or to submit to the rejection of a portion of his claim.

The record contains a certification by the County Clerk of Young County concerning her diligent search of the records concerning all claims, motions, changes or motion to change orders, etc., relating to the plaintiff, Klutts. The certificate makes no reference to any motions on his part seeking approval by the county court of the part of the claims allowed by the guardian or submission to that portion of his claim which was rejected by her. The record does reflect that well within the ninety day

period, following notification that his claim had been approved in part and rejected in part, the plaintiff, in full compliance with V.A.T.S. Probate Code, § 313, filed his suit in the District Court. He placed the County Judge on notice of such action by forwarding his objection to closing the guardianship with attached copy of his petition.

By filing suit in the District Court for the full amount of his original claim within 90 days from the date of its partial rejection the plaintiff placed his entire claim within the jurisdiction of that court and removed it from the jurisdiction of the County Court.

The defendant implies by her argument that the plaintiff filed his claim with the County Clerk after the Guardian had written her endorsement of partial rejection thereon and that by such action he sought the County Judge's approval of it. In our opinion it would make no difference who filed the claim after the Guardian had made her endorsement thereon. The record reflects that the attorney for the Guardianship, in his letter to the plaintiff of March 17, 1969, stated that he was on such date forwarding the claim to the County Clerk of Young County for filing. Such filing is required by the Probate Code. V.A.T.S. Probate Code, § 311(b).

"The claimant, in a suit to establish a claim, must allege proper authentication of the claim, its presentation and its rejection, since no judgment may be entered in favor of a claim that has not first been legally presented to the guardian and rejected by him or the court, but on the trial the endorsement made on or annexed to the claim by the guardian is taken to be true without further proof, unless denied under oath." 27 Tex.Jur.2d 506, § 217. See also V.A.T.S. Probate Code, § 313 and § 314.

It can readily be seen from the above authorities the necessity to maintain good records concerning the proper presentation of and the action taken on claims, otherwise, the right or privilege of filing suits in the District Court or appeals from the

County Court would be difficult to establish under the requirements of the Probate Code. V.A.T.S. Probate Code, §§ 301, 308, 309, 312, 313 and 314.

"Since a guardian may reject a claim either in whole or in part, the Probate Code authorizes a suit on a claim rejected in part by a guardian.

"When a claim has been allowed in part and rejected in part the claimant is under no obligation to present the claim to the court for approval as to the allowed part. He may sue on the claim in its entirety. But *if he elects to submit to the partial rejection, and procures approval of the allowed part* he will be held bound and concluded by that judgment, as there can be but one final judgment in the case. Accordingly, if the guardian allows a claim in part and rejects it as to the balance, and on the partial allowance *the claimant procures* approval of the court, the judgment of partial approval is res judicata as to the whole claim." 27 Tex.Jur.2d 507, § 218. (Emphasis ours.) See also the authorities cited under this section. Included are Gibson v. Hale, 57 Tex. 405 and Williams v. Robinson, 63 Tex. 576, which are relied upon by the defendant.

The second paragraph of 27 Tex.Jur.2d 507, § 218, which is set out immediately above, very adequately sums up the position of the defendant in this case as she argues that the plaintiff elected to submit to the partial rejection and procured approval of the court of the portion of his claim allowed by the guardian.

Not one of the elements including those italicized by us in § 218 above find any support in this record as applied to the conduct of the plaintiff.

In the Gibson case, supra, a $1,544.07 claim was allowed to the extent of $196.00 and rejected as to the remainder. Gibson procured approval of the judge on the partial allowance and the administrator paid the $196.00 to him.

Within 90 days from the date the claim was approved in part and rejected in part

Gibson brought suit to establish the rejected portion of his claim. The trial court held that approval by the Probate Court of the partial allowance was res judicata as to the entire claim.

In the opinion affirming the judgment of the trial court it was said:

"The probate court was not wanting in jurisdiction over the subject matter of the whole claim, but the manner in which it was presented to that court for its action rendered it impossible for it to approve any more of the claim than had been allowed by the administrator.

"Upon the rejection of a part of the claim the holder could have the claim become a judgment of the probate court in so far as the administrator had allowed it, or he could sue upon it in the district court and take such judgment as that court might render in his favor * * *.

"The plaintiff in error was under no legal obligation to present his claim in its partly rejected condition to the probate court; but by electing to do so, he gave that court the power to render a judgment upon his claim, which has been by him throughout treated as indivisible, and he must be held bound and concluded by its judgment; for there can be but one final judgment in the case. R.S., 1337.

"By presenting his claim to the probate court, after the rejection of a part thereof, he must be held to have 'submitted' to the rejection. If such was not his intention, he should have sued upon his entire claim in some court in which he could obtain a judgment thereon, if entitled to it."

The defendant further argues that the actions of the trial court on April 29, 1969 and May 28, 1969 in approving the claim of the plaintiff subsequent to the institution of the latter's suit in the district court does not prevent the probate order from being res judicata in this suit. Williams v. Robinson, supra, is cited in support of this position.

In Williams, which cites and approves the holding in Gibson, supra, the entire claim involved was approved by the administrator and allowed by the County Court. Under such circumstances the latter court had jurisdiction of the claim at all times. Since the order was not appealed from it was final and conclusive.

In the Williams opinion it was said:

"If there existed any valid ground for setting aside the allowance and approval of the claim as made, the administrator de bonis non ought to have taken steps accordingly to effect that purpose; but not having done so, it must be held that whilst the judgment of the county court thus continues in force, it has the effect to determine the state of the account that was acted upon in respect to all the items of it which were embraced by it. See Giddings v. Steele, 28 Tex. [732], 756–757; Gibson v. Hale, 57 Tex. 405; Moore v. Moore, 59 Tex. [54], 60.

"It is urged by counsel for the appellee that the approval of the account by the probate court having been made subsequent to the institution of this suit, its action is not binding on the appellee. The question involved is not as to priority in time of the exercise of jurisdiction between courts having concurrent jurisdiction of the subject of litigation, and it is not affected by the consideration that the account was approved by the county court after the plaintiff had instituted this suit. The district and the county courts respectively had appropriate and exclusive jurisdiction of the subjects presented for their cognizance, and there was not necessarily any conflict between them in the action which the one or the other might take in respect to the matters submitted to them. If the appellee did not see proper to have the action of the probate court upon the matters involved in the account which were in dispute between the parties, he could easily have avoided it by such action upon the account, when it was presented to him for his allowance, as would confine the litiga-

tion to the jurisdiction of the district court. But, not having done so, and having allowed the account, he thereby admitted that the probate court should take the proper action in approving, or disapproving, his allowance, and he is precluded from insisting upon the determination of the merits of that account so far as they may be affected by the action of the probate court."

We are unable to find any application of the holdings in Gibson or Williams to the facts of the instant case. See Poole v. Rutherford, 199 S.W.2d 665 (Fort Worth, Tex.Civ.App., 1947, ref., n. r. e.) and Small v. Small, 434 S.W.2d 940 (Waco, Tex.Civ. App., 1968, ref., n. r. e.)

■ The plea or defense of res judicata to the suit filed by the plaintiff in the District Court is not established under the record presented to us. Therefore, such action as was taken by the County Court in the guardianship proceeding is not a bar to plaintiff's suit.

The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded.

## ON MOTION FOR REHEARING

LANGDON, Justice.

■ On motion for rehearing the appellee complains of this court's failure to rule explicitly on "appellee's counterpoint 2" which asserts error on the part of the trial court in overruling her plea of privilege based on the fact that on January 3, 1969, one of the wards, Elizabeth Anne Newbury, was married and as of the time of suit was residing in Tarrant County.

While not holding that the point is properly before us we specifically overrule "appellee's counterpoint 2." Article 1995, Sub. 6, Vernon's Ann.Civ.St.; 27 Tex.Jur.2d 506, § 217; and Vol. 1, McDonald Texas Civil Practice, § 4.55 (IV), and cases cited under these authorities.