**Felipe T. LOPEZ, Appellant,**

**v.**

**James P. WALLACE, Individually and as Administrator of the Estate of Ben Paul, Deceased, Appellee.**

**Martin A. CAMPBELL, Appellant,**

**v.**

**James P. WALLACE, Individually and as Administrator of the Estate of Ben Paul, Deceased, Appellee.**

**Nos. 6094, 6095.**

Court of Civil Appeals of Texas, El Paso.

March 25, 1970.

Neil E. Weinbrenner, Las Cruces, N. M., for appellants.

Allan L. Poage, El Paso, for appellee.

## OPINION

FRASER, Chief Justice.

This single opinion will control the disposition of each of the above cases, which are separate cases on the docket of the trial court and are separate cases on the docket of this court. We granted appellants' motions to consolidate the two cases for purposes of briefing and oral argument because they involve identical questions of law. Being identical in every material question, both are controlled by this opinion.

These suits were instituted by Martin A. Campbell and Felipe T. Lopez, collectively referred to herein as appellants, against James P. Wallace, individually and as administrator of the estate of Ben Paul, deceased, in the 171st Judicial District Court of El Paso County, on claims which had been rejected in part by the appellee and which had been filed with appellee as the administrator of the estate of Ben Paul in the El Paso County Court, sitting in Probate.

Appellee filed motions to dismiss on the grounds that the Probate Court had entered an order approving the action of appellee in rejecting the claims in part, and that appellants had not appealed from such order. Appellants filed motions for summary judgment attaching appropriate affidavits and documents.

The trial court sustained appellee's motions to dismiss and ordered the appellants' suits dismissed, from which action these appeals were prosecuted.

Appellants Campbell and Lopez filed their respective claims in the County Court of El Paso County, Texas, sitting in Probate, in the Estate of Ben Paul, Deceased, Probate Cause No. 20,147 on the 14th day of February, 1969. Appellant Campbell's claim was based on a judgment rendered for him against the decedent, Ben Paul, on May 28, 1967, by the District Court of Dona Ana County, New Mexico for the principal sum of $26,191.38 plus in-

terest to the date of filing the claim. An exemplified copy of such judgment was attached to Campbell's claim, to his petition filed in the District Court from which this appeal was taken, and to the Campbell motion for summary judgment in such proceeding. The claim of appellant Lopez was based on a judgment rendered for him by the District Court of El Paso County, Texas on the 20th day of March, 1968, for the sum of $16,434.78 plus interest at six per cent from November 14, 1967 and plus court costs. On March 12, 1969 the appellee, as Administrator of the Estate of Ben Paul, Deceased, approved the claims of the appellants for the principal sums, but failed to approve either of the claims for interest, and failed to approve the Lopez claim for court costs as provided in the judgment upon which it was based. On April 29, 1969, these present suits were filed in the District Court of El Paso County, Texas for the full amount of the claims. Thereafter, on June 3, 1969, at the request of appellee, a hearing was held before Colbert Coldwell, County Judge, on the question of the jurisdiction of Probate Court to consider the respective actions in rejecting the appellants' claims for interest. Both appellants attached affidavits to their motions for summary judgment setting out that these claims have not been paid and were unsatisfied. In his petition, appellant Campbell alleged that his New Mexico judgment, an exemplified copy of which was attached to the petition and incorporated therein by reference, was entitled to full faith and credit. On June 25, 1969, appellee filed a motion to dismiss for lack of jurisdiction. The trial court sustained appellee's motion and dismissed the lawsuits of the appellants.

In his findings of fact and conclusions of law, the trial court sets out as a conclusion of law that the said trial court did not have jurisdiction to entertain the suits filed April 29, 1969 because administration was still pending in Probate Court. We think this conclusion is erroneous, for the reason that the claims were rejected in

part and approved in part by the Administrator. There is no appeal to such action to the Probate Court. The controversy is then between the claimants and the administrator to be tried in any court of competent jurisdiction. It has long been settled that a probate court does not have jurisdiction to act upon a claim which has been rejected in whole or in part by an administrator of an estate. Christian v. Pace, 371 S.W.2d 399 (Tex.Civ.App.1963, no writ history), and Poole v. Rutherford, 199 S. W.2d 665 (Tex.Civ.App., 1947, err. ref., n. r. e.). As pointed out in the Poole case, if a claim is rejected by the administrator, in whole or in part, it is not then presented to the county judge, but the owner of the claim may, within 90 days after rejection, but not thereafter, bring suit against the administrator for the establishment of the claim in any court having jurisdiction of the same. Although the Poole case was decided before the adoption of the new Probate Code, our construction of that feature of the Code is that the exclusive method of proceeding, after a claim has been rejected in whole or in part by a representative of an estate, is to file suit on the claim. Section 313 of the Probate Code, V.A.T.S. provides: "When a claim *or a part thereof* has been rejected by the representative, the claimant shall institute suit thereon within ninety days * * *" (in a court of competent jurisdiction). (Emphasis ours). Part of the claims here involved were rejected by the administrator, and the claimants filed their respective suits in the District Court within ninety days. This was their remedy, and the District Court had jurisdiction of the causes. The Probate Code (Sec. 312(b) gives the Probate Court authority to hear only *approved claims*. It has no authority to pass on rejected claims. Small v. Small, 434 S. W.2d 940 (err. ref., n. r. e.). Any contention that the order of the Probate Court of June 24, 1969 had any effect on the rejected portions of these claims must itself be rejected. The conclusion of law by the trial court that it had no jurisdiction of these causes because administration was pending in the Probate Court was erroneous. For that matter, these causes were filed in the District Court prior to the Probate Court's order of June 24th.

 Appellants ask that we grant their motions for summary judgment and thereby render these causes and bring to an end the dissipation of the estate by further expenses of litigation. This cannot be done, for the order of the District Court that it was without jurisdiction means that it could not, and did not, hear and make any determination of the merits. Until such determination is made and appealable order entered, there can be no appellate review thereof.

The respective judgments are reversed and the causes remanded for trial.