C. E. ARMSTRONG, Appellant,

v.

Robert L. STALLWORTH, Administrator
of the Estate of Habous Aboud Nacim,
Deceased, Appellee.

Nos. 6802, 6817.

Court of Civil Appeals of Texas,
El Paso.

July 18, 1979.

Peticolas, Luscombe, Stephens & Windle,
Colbert N. Coldwell, El Paso, for appellant.

Merkin, Gibson & Hines, Stephen A.
Hines, El Paso, for appellee.

Gade & Schwarzbach, P. C., Thor G.
Gade, El Paso, for claimant Golden Shield
Corp.

Gerald B. Shifrin, El Paso, for claimants
Cunningham Distributing, Inc. and The Ad-
miral Corp.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

These appeals involve the priority of
claims allowed by the probate court in the
administration of an estate. Appellant, as
a creditor with a Class 3 claim, seeks to
question the allowance by the probate court
of certain other claims as Class 2 claims.
Two separate orders of the probate court
have been challenged by separate appeals
consolidated for the purposes of briefing
and decision. We affirm the action of the
trial Court as to both orders.

By order dated May 19, 1978, the probate
court approved the application for the pay-
ment of claims of Robert L. Stallworth,

Administrator of the Estate. This order approved as a Class 2 Claim attorney fees in the amount of $3,733.00 for attorneys Merkin, Gibson & Hines. It also approved as a Class 2 Claim that of Hubert Jackson in the amount of $5,175.47 as part of the expenses of administration. Appellant's claim, which was a long-standing judgment against the deceased, was approved in the amount of $15,550.20 as a Class 3 Claim.

Appellant urges error of the Court in allowing the claim of Hubert Jackson as not meeting the requirements of Sections 298 and 317 of the Tex.Prob.Code Ann. (1956). He urges that the claim of Jackson was not timely filed under the provisions of Section 298(a) of the Code, (Supp. 1978–1979), which requires that all claims be presented within six months of the original grant of letters. We overrule this contention because the claim of Jackson qualifies as an expense of administration, and is controlled by Section 242 of the Code and not Section 298. *Richardson v. Kennedy*, 74 Tex. 507, 12 S.W. 219 (1889); *Hanlon v. Wheeler*, 45 S.W. 821 (Tex.Civ.App. 1898, writ ref'd); *Fidelity & Deposit Co. of Maryland v. Texas Land & Mortgage Co.*, 40 Tex.Civ.App. 489, 90 S.W. 197 (1905, writ ref'd); 18 Tex. Jur.2d Decedents' Estates, Sec. 399 (1960) at 340. Section 298(a) provides: "All claims for money against a testator or intestate shall be presented to the executor or administrator within six months . . ." Thus it covers debts of the decedent. The record in this case is clear that the claim allowed to Hubert Jackson arose out of the administration. It was filed by the Administrator as "Costs for Upkeep and Maintenance of Estate Property." Expenditures thereof were correctly listed and filed with the clerk in accordance with Section 244 of the Code, and it was approved by the Court. The principal property of the Estate was an apartment house and Jackson testified that the expenditures were made by him and his wife, (daughter of the deceased), in the upkeep of the apartments; and he testified at the claims hearing that all of the expenditures listed in his claim were correct; there is no evidence to the contrary. In this connection, it should be noted that numerous cancelled checks, sales slips and receipts were brought into court at that hearing but were never introduced in evidence.

Section 242 of the Code provides in part: "Personal representatives of estates shall also be entitled to all necessary and reasonable expenses incurred by them in the preservation, safe-keeping and management of the estate, . . . on satisfactory proof to the court." The label of this claim that it was for Hubert Jackson does not keep it from being such an expense. It is held that since the estate is the beneficiary of the service performed and must ultimately make payment, such a claim may be presented and collected by the person to whom it is ultimately payable. *Gammage v. Rather*, 46 Tex. 105 (1876); *Reinstein v. Smith*, 65 Tex. 247 (1886); *Hare v. Pendleton*, 214 S.W. 948 (Tex.Civ.App.—Texarkana), rev'd on other grounds, 231 S.W. 334 (Tex.Comm'n App. 1921); *Hare v. Reily*, 269 S.W. 473 (Tex.Civ.App.—Dallas), aff'd 280 S.W. 543 (Tex.Comm'n App. 1926); 18 Tex.Jur.2d Decedents' Estates, Sec. 874 (1960) at 675. These expenses were proper expenses of the Administration; under the above authorities they could be paid to Jackson or the Administrator. Under Jackson's testimony, they were for upkeep and preservation of the Estate property. The decedent died testate on December 26, 1974. His will appointed his son as Independent Executor. But the son died on February 21, 1976. The Appellee qualified as Administrator of the Estate on May 13, 1976. Of all the "costs for upkeep and maintenance of estate property" that the Administrator presented for Jackson, only $203.00 was incurred after May 13, 1976. Appellant contends that the balance of the $5,175.47 ordered paid by the Court which occurred prior to May 13 should have been presented by a claim as any other creditor since it was exempt by Section 317(d) of the Code. Section 317 deals with the limited situation where a personal representative has a claim against an estate. It has no application here. Also, the fact that the expenses were incurred prior to the appointment of the Administrator is of no concern for, as this

Court held in *El Paso National Bank v. Leeper*, 538 S.W.2d 803 (1976, writ ref'd n. r. e.), when an administrator is appointed, his appointment carries with it the duty to pay all proper expenses theretofore incurred in the administration.

As his second point of error, Appellant seeks to impose the provisions of Section 303 of the Code as to the claim of Hubert Jackson. Section 303 prescribes the procedure and the quantum of evidence necessary to establish a claim "[i]f evidence of a claim is lost or destroyed. . ." The Section has no application to the case before us. As pointed out earlier, the claim here allowed was an expense arising out of the course of administration as distinguished from a debt or claim created by the decedent, and, as previously stated, when the Administrator satisfied the requirements of Section 244 "on satisfactory proof to the court," he sufficiently established the claim.

Appellant next argues that the Administrator should have complied with Section 238 of the Code which requires him to get an order of the court to carry on the Estate's business. It is questionable whether the rather meager apartment rental was the continued operation of a business or whether it was simply for the preservation of the property. The evidence is that it was for the latter. Section 230 of the Code requires the administrator to take care of the property of the estate as a prudent man would take care of his own property, and keep any buildings in good repair unless otherwise directed by the court. We overrule this contention of the Appellant. A personal representative owes the duty to preserve a deceased's estate, and expenses which a personal representative incurs in the performance of such duty he may recover. *Neblett v. Butler*, 162 S.W.2d 458 (Tex. Civ.App.—Galveston 1942, writ ref'd w. o. m.). Also, the record reflects no such complaint was ever presented to the trial Court, and it cannot now come for the first time on appeal.

As noted earlier, Appellant's position in these cases is that of a claimant whose claim has been classified as a Class 3 Claim.

He does not question that classification; rather, he attacks the Court's allowance of the Class 2 Claims since there are not enough assets to satisfy fully all claims. The record before us presents no reversible error as to the two orders of the trial Court complained of; the application for the payment of claims of the Administrator was heard and approved and an order entered by the trial Court. That was followed by the trial Court's order approving the final settlement of the Estate. As noted earlier, these were correctly done under procedure required by the Code. Nothing is presented to call for a reversal of either of those orders. Appellant filed no pleadings in opposition to them; he did appear by counsel at the hearings thereon and did interrogate the Administrator and the claimant Jackson about certain items in the nature of bills, receipts, and cancelled checks. These were never introduced in evidence in the trial Court and they cannot impeach the testimony of the witness as to the correctness of the account. The bills, receipts and checks referred to were ordered sent up to this Court as original exhibits. That does not alter the fact that they were not placed before the trial Court in evidence and make it possible for us to consider them on appeal. Appellate courts cannot find facts in the first instance; we only pass on or "unfind" the facts found first by the trial Court based on the evidence before it. We review the findings of the trial court.

The allowance of attorney fees paid by the Administrator falls into the same category as the allowance for upkeep and maintenance of the Estate's property. That is, under Section 244 it was properly presented and itemized and the Court approved it. There is simply nothing in the record to overcome that action of the Court. Attorney fees reasonable in amount and necessarily incurred for the estate are expenses of administration. *Kitchens v. Culhane*, 398 S.W.2d 165 (Tex.Civ.App.—San Antonio 1965, writ ref'd n. r. e.).

Appellant has a point of error that the trial Court erred in ordering payment or claims of the Administrator when the Court

had previously ordered payment of Appellant's claim out of the same fund. The order that Appellant's claim be paid was qualified by the clause "to the extent that there are assets of the estate subject to the claim of JOHN W. ERNST," (the Appellant's assignor). Under the Code, the expenses incurred in the preservation, safekeeping, and management of the Estate are to be paid prior to such third class claims as the Appellant's. Sec. 320, Tex.Prob.Code Ann. (1956). This quoted sentence in the Court's order took note of that. This relieved the Court's orders of any conflict. The point of error is overruled.

All points of error have been considered and all are overruled. The two orders of the trial Court are affirmed.