**James A. ULLRICH, Certified Public Accountant, P.C., Appellant,**

v.

**ESTATE OF D.C. ANDERSON, Deceased, and Kenneth McLaughlin, Jr., Appellees.**

**No. 01–86–0904–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 17, 1987.

Rehearing Denied Nov. 5, 1987.

Richard D. Davis, Christopher D. Rhodes, of counsel, Conroe, for appellant.

Thomas M. Farrell, Gerald L. Bracht, Mayor, Day & Caldwell, Arthur R. Ammons, Houston, for appellees.

Before EVANS, C.J., and HOYT and COHEN, JJ.

COHEN, Justice.

The probate court granted a take-nothing summary judgment in favor of the Estate of D.C. Anderson, deceased, and Kenneth McLaughlin, Jr., appellees, in a suit brought by James A. Ullrich, P.C., appellant, to recover $33,589 in fees for accounting services rendered to the estate.

The record reflects that Anderson died on March 27, 1980. Buddy W. Gregory and Cullen H. Landis qualified as independent executors of the estate. Upon their resignation, Linda and Larry Anderson were appointed temporary co-administrators of the estate. Upon their resignations, McLaughlin was appointed successor temporary administrator of the estate.

The record reflects that appellant was retained throughout the administration to perform accounting services for the estate. On October 4, 1985, appellant filed its claim for $33,589.00 against the estate with the county clerk. The claim was presented by "James A. Ullrich, Certified Public Accountant, P.C.," and the sworn statement supporting the claim was executed by "James A. Ullrich."

On October 29, 1985, McLaughlin allowed $13,950 of the claim and rejected the balance of $19,639. At a hearing on November 8, 1985, the court stated that: (1) it could approve and classify the allowed portion of the claim; or (2) it could approve an agreed settlement, if presented to the court within 90 days of October 29, 1985; but (3) it could take no action concerning the rejected portion of the claim because it had no jurisdiction over that. Ultimately, the court took no action on the claim.

On March 4, 1986, appellant filed a second claim identical to the first, except that it omitted one $100 invoice. McLaughlin took no action on the second claim, and appellant filed suit on May 15, 1986.

The appellees moved for summary judgment, claiming that the suit was barred by Tex.Prob. Code Ann. sec. 313 (Vernon 1980), because it was not filed within 90 days of McLaughlin's October 29, 1985 partial rejection of the first claim.

Appellant contends in its first point of error that sec. 313 does not apply because the claim was not one that was required to be presented to the administrator: (1) because it was an administration expense that arose after letters were issued; (2) because it was not a "claim for money"; and (3) because the claim could have been prosecuted against the executors and administrators, individually. Appellant contends in its second point of error that the unnecessary presentment and rejection of a claim did not invoke the 90–day rule of section 313.

We sustain both points of error.

The Probate Code establishes a system for presentment and payment of claims. A personal representative must publish notice to creditors within one month of receiving letters, Tex.Prob. Code Ann. sec. 294(a) (Vernon Supp.1987), and must give registered mail notice to secured creditors within four months of receiving letters. Tex.Prob. Code Ann. sec. 295 (Vernon 1980). Claims not presented within six months of the granting of letters receive a lower classification among the estate's debts. Tex.Prob.Code Ann. sec. 298(a) (Vernon 1980).

All claims for money must be supported by affidavit, which the managing official may give for a corporation. Tex.Prob.Code Ann. secs. 301, 304 (Vernon 1980). A personal representative's objection to any defect of form is waived, unless made in writing within 30 days after presentment of the claim. Tex.Prob.Code Ann. sec. 302 (Vernon 1980).

Within 30 days after presentment, the personal representative must execute a memorandum allowing or rejecting all or part of the claim. Tex.Prob. Code Ann. sec. 309 (Vernon 1980). Failure to execute the memorandum constitutes a rejection of the claim. Tex.Prob. Code Ann. sec. 310 (Vernon 1980).

Claims wholly or partly allowed by the representative are placed on the claim docket. Tex.Prob. Code Ann. sec. 311 (Vernon 1980). After 10 days, the court must approve or reject all or part of the claim. If approved, the claim is classified by the court. The court's written memorandum constitutes a final, appealable judgment. Tex.Prob. Code Ann. sec. 312 (Vernon 1980).

When all or part of a claim has been rejected by the representative, the claimant must sue within 90 days, or the claim is barred. Tex.Prob. Code Ann. sec. 313 (Vernon 1980).

The parties and the judge assumed that the above rules governed the disposition of this claim. Those rules, however, do not cover all claims. Tex.Prob. Code Ann. sec. 317(d) (Vernon 1980), provides:

> The foregoing provisions relative to the presentment of claims shall not be so construed as to apply to ... any claim that accrues against the estate after the granting of letters for which the representative of the estate has contracted.

Tex.Prob. Code Ann. sec. 242 (Vernon 1980), provides:

> Personal representatives of estates shall be entitled to all necessary and reasonable expenses incurred by them in the preservation, safekeeping, and management of the estate ... on satisfactory proof to the court.

Tex.Prob. Code Ann. sec. 317(c) (Vernon 1980), provides:

> When a claim by an executor, administrator, or guardian has been filed with the court within the required time, such claim shall be entered upon the claim docket and acted upon by the court in the same manner as in other cases....

We must decide: (1) whether appellant's claim is governed by the claims procedure of section 294, et seq., or by the claims procedure of sections 242 and 317; and (2) if appellant's claim is not governed by section 294, et seq., whether appellant is nevertheless bound by those procedures, because it presented its claim thereunder, resulting in its partial rejection by McLaughlin.

■ Under section 242, a personal representative is entitled to reimbursement for all necessary and reasonable expenses incurred by him in preserving, safekeeping, and managing the estate. In order to obtain reimbursement, the representative must have paid for the services. *Morton's Estate v. Ferguson*, 45 S.W.2d 419 (Tex. Civ.App.—Eastland 1932, writ ref'd); *Armstrong v. Anderson*, 55 S.W.2d 235 (Tex. Civ.App.—El Paso 1932, no writ). However, because the necessity of the services, and the reasonableness of their amount, are questions for the probate court, and not for the representative, a representative may be held to a greater liability than can be charged to the estate. 45 S.W.2d at 420–21. Such a dilemma may be avoided by a contract between the representative and the vendor providing that the fee will be set by the probate court. *Id.* at 421. Moreover, "since the estate is the beneficiary of the service performed and must ultimately make payment, such a claim may be presented and collected by the person to whom it is ultimately payable." *Armstrong v. Stallworth*, 613 S.W.2d 1, 2 (Tex.Civ.App.—El Paso 1979, no writ). Thus, appellant may present its claim directly to the court.

Section 317 is intended to prevent a personal representative from deciding the propriety of his own claims against the estate. Thus, under section 317(a), claims by representatives that accrued directly against the testator or intestate are to be acted upon by the court pursuant to section 317(c). Similarly, claims arising from the representative's contracts made on behalf of the estate are acted upon by the court, not the representative. Conflicts of interest are thus avoided.

Section 317(d) also excludes from the claims procedure of section 294, et seq., claims arising pursuant to section 242. Its provisions are particularly applicable to the instant case because the representative could not present the claim to the court pursuant to section 244 because the expense has not been paid. Yet, despite the lack of payment by the representative, it is

still a claim accruing directly against the estate, as a result of a contract with the administrator, and not a claim that existed against the decedent, for which the procedure of section 294, et seq., is applicable.

In *Hunter v. Cook*, 375 S.W.2d 574 (Tex. Civ.App.—Houston 1964, writ dism'd), a dispute over division of rents collected after the executrix qualified to serve, the court held:

Appellant's theory ... is that he can sue an independent executrix without presenting any claim ... the claim asserted by appellant ... is not a claim that is required to be presented even to an administrator. The claims required to be presented to an administrator are those arising before the appointment and qualification of such representative. The statutes do not relate to claims arising out of contracts of the representative after qualification. Section 317(d), Probate Code.

In *El Paso National Bank v. Leeper*, 538 S.W.2d 803, 806 (Tex.Civ.App.—El Paso 1976, writ ref'd n.r.e.), the bank, as temporary administrator, had contracted with Leeper to provide legal services to the estate. On December 20, 1973, Leeper filed a claim against the estate with the county clerk, and on December 21, 1973, an independent executor was appointed. The bank contended that it could not be held liable because no verified claim had been presented. The court rejected the bank's contention and held that "[p]resentment of this type of claim is not required even with an administration. Tex.Prob. Code Ann. sec. 317(d)."

Appellees' reliance on *Armstrong v. Stallworth* is misplaced. In *Stallworth*, appellant challenged court rulings classifying certain expenses as administration expenses on the grounds that the claims were not filed within six months of the issuance of letters. The court held that claims did not have to be presented within six months, as required by section 298, because they were administration expenses and were governed by section 242.

Appellees rely on the statement in *Stallworth* that "[s]ection 317 deals with the limited situation where a personal representative has a claim against an estate. It has no application here." 613 S.W.2d at 2. Although section 317 is labeled "Claims by Personal Representatives," section 317(d)'s predecessor, Tex.Rev.Civ.Stat.Ann. art. 3528, *repealed by* Act of Jan. 1, 1956, ch. 55, sec. 434, 1955 Tex.Gen.Laws 88, 214, is identical to section 317(d) except that article 3528 provided that "[t]he provisions of this chapter respecting the presentation of claims" are not applicable, whereas section 317(d) provides that "[t]he foregoing provisions relative to the presentment of claims" are not applicable.

Tex.Prob.Code Ann. sec. 2(c) (Vernon 1980), provides that:

The division of this Code into Chapters, Parts, Sections, Subsections, and Paragraphs is solely for convenience and shall have no legal effect.

In addition, the Code Construction Act provides, "The heading of a title, subtitle, chapter, subchapter, or section does not limit or expand the meaning of a statute." Tex.Gov't.Code sec. 311.024 (Vernon Supp. 1987).

We decline to hold that section 317(d) applies only to claims by personal representatives under section 317 and not to all of "the forgoing provisions relative to the presentment of claims," because to do so would be inconsistent with the plain directives of section 2(c) and section 311.024.

We also reject the contention that section 317(d) does not apply because appellant's contract was with prior representatives, not with McLaughlin, the current representative. Ullrich's affidavit alleges that the expenses were incurred at the direction of both McLaughlin and the prior representatives, and we are bound to view this evidence in favor of Ullrich, the non-moving party. *Wilcox v. St. Mary's Univ.*, 531 S.W.2d 589, 593 (Tex.1975). Moreover, McLaughlin stands in the shoes of the prior representatives, that is, he represents the estate; he is not the estate.

In *Stallworth*, as here, the expenses were incurred by two different personal representatives. The court held:

[T]he fact that the expenses were incurred prior to the appointment of the Administrator is of no concern for, as this Court held in *El Paso National Bank v. Leeper,* 538 S.W.2d 803 (Tex.Civ. App.—El Paso 1976, writ ref'd n.r.e.), when an administrator is appointed, his appointment carries with it the duty to pay all proper expenses theretofore incurred in the administration.

613 S.W.2d at 2–3.

We hold that appellant's claim is not governed by the claims procedures of section 294, et seq., but by sections 242 and 317.

Next, we must decide whether appellant became bound to follow the claims procedures of section 294, et seq., by filing a claim against the estate. In *Kitchens v. Culhane,* 398 S.W.2d 165, 166 (Tex.Civ. App.—San Antonio 1965, writ ref'd n.r.e.), the court held that an attorney did not have to present a "verified" claim to the executor because no presentment of any kind was required by section 317(d) for a claim that accrued after the executor's appointment. If presenting an unnecessary, unverified claim does not require compliance with section 294, et seq., neither should presenting an unnecessary, verified claim. *Compare Greer's Estate v. Cooper,* 50 S.W.2d 345 (Tex.Civ.App.—Amarillo 1932, writ ref'd); *Guardianship of Price v. Murfee,* 408 S.W.2d 756, 759–60 (Tex.Civ.App.— Amarillo 1966, no writ); As stated in *Lusk v. Mintz,* 625 S.W.2d 774, 776 (Tex.App.— Houston [14th Dist.] 1981, no writ):

> Unnecessary presentation and rejection of a claim that is not required to be presented in the first place does not invoke the limitation provisions of sec. 313 of the Probate Code.

■ Much confusion in this case has resulted from the assumption that the administrator had the authority to allow or reject this claim. We have held that McLaughlin had no authority to review this claim in order to effectuate section 317 and avoid the conflict of interest inherent when the administrator determines the propriety of a claim against the estate for which he contracted and for which he may be personally liable. Appellant's filing of the claim with the county clerk presented the claim to the probate court, not to McLaughlin, whose partial approval and rejection of it was of no legal effect. Thus, although treated by the parties and judge as partially rejected, the entire claim was properly before the probate court.

■ The probate court never ruled on the claim before it, apparently believing that, under section 313, it had no jurisdiction once 90 days had expired after the partial rejection of October 29, 1985. However, once the claim was presented, the court acquired jurisdiction, and did not lose it in 90 days, or when appellant filed suit. The 90–day rule of section 313 is not a "general statute of limitations" within the meaning of section 298(c), but a specific rule relating solely to probate claims. *Poole v. Rutherford,* 199 S.W.2d 665 (Tex. Civ.App.—Fort Worth 1947, writ ref'd n.r. e.); *Jaye v. Wheat,* 130 S.W.2d 1081 (Tex. Civ.App.—Eastland 1939, no writ).

Appellees contend, and the probate judge agreed, that *Klutts v. Newbury,* 453 S.W. 2d 243, 248 (Tex.Civ.App.—Fort Worth 1970, no writ), and *Lopez v. Wallace,* 453 S.W.2d 383 (Tex.Civ.App.—El Paso 1970, no writ), are in conflict, and that *Lopez* supports the summary judgment in this case. We disagree.

In *Klutts,* Klutts, on March 3, 1963 filed claims for dental services rendered to two minors. Newbury, the guardian, allowed the claims in part and rejected the balance on March 14, 1969. On March 17, 1969, Newbury forwarded the claim to the county court. On April 2, 1969, Klutts filed suit in district court for the entire claim. On May 28, 1969, the county court allowed the approved claim. Thereafter, the district court granted a summary judgment to Newbury on the ground that the county court judgment was res judicata. Reversing the summary judgment, the court of civil appeals wrote:

> When a claim has been allowed in part and rejected in part the claimant is under no obligation to present the claim to the court for approval as to the allowed part. He may sue on the claim in its entirety.

But *if he elects to submit to the partial rejection, and procures approval of the allowed part* he will be held bound and concluded by that judgment, as there can be but one final judgment in the case. Accordingly, if the guardian allows a claim in part and rejects it as to the balance, and on the partial allowance *the claimant procures* approval of the court, the judgment of partial approval is res judicata as to the whole claim.

*Id.* at 247 (emphasis in original); *see also Gibson v. Hale*, 57 Tex. 405 (1882).

In *Lopez*, the administrator partly allowed and partly rejected Lopez's claim on March 12, 1969. On April 29, 1969, and within the applicable 90–day period, Lopez sued in district court for the entire claim. On June 24, 1969, the county court approved the administrator's partial rejection of the claim. On June 25, 1969, the district court granted the administrator's motion to dismiss.

On appeal, the court of civil appeals held that the county court had no jurisdiction concerning the rejected portion of the claim, and that the district court erred in concluding that it was without jurisdiction, because section 313 expressly provided that a claimant's sole remedy on a rejected claim was to file suit, as Lopez had done.

*Klutts* and *Lopez* do not conflict, and *Lopez* does not support the summary judgment in the present case. In both cases, the courts held that the suits were proper in the district court, pursuant to section 313, and both courts concluded, albeit for different reasons, that the actions taken in the county court did not bar suits in the district court. Moreover, as in *Klutts*, there was no indication in *Lopez* that the claimant had sought approval of its claim in the county court. Likewise, in the instant case, the court never ruled, and no election by Ullrich was alleged as a basis for the summary judgment.

Thus, the status of the present case is that appellant has a claim pending before the probate court for $33,589 for services rendered to the estate during its administration. In addition, this lawsuit remains pending in the same court against the estate and McLaughlin. There has not been a judgment on the claim in the first action, and after remand from this court, there is no judgment in the lawsuit. A judgment in either will be appealable, and will be res judicata to the other.

The first and second points of error are sustained.

The judgment is reversed, and the cause is remanded.